2021CV00165-10

CLAYTON COUNTY, GA
1/14/2021 5:01 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

EXHIBIT "A"

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

SUNRISE BUILDERS, INC.,

     Plaintiff/Petitioner,

v.

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

     Defendants,

and

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

     Respondents.

CIVIL ACTION
FILE NO. _____2021CV00165-10_____

Copy from re:SearchGA

## PETITION FOR WRIT OF CERTIORARI, APPEAL, AND VERIFIED COMPLAINT

COMES NOW, Petitioner and Plaintiff Sunrise Builders, Inc., who files this *Petition for Writ of Certiorari, Appeal, and Verified Complaint*. In support thereof, Petitioner shows the Court as follows:

1.

This Action arises out of a Final Decision by the Clayton County Board of Commissioners denying Petitioner's request for approval of its Preliminary Plat Application (LS-2008-0014).

### PARTIES, JURISDICTION, AND VENUE

2.

Petitioner incorporates all paragraphs contained above as if the same were reprinted verbatim here.

3.

Petitioner and Plaintiff Sunrise Builders, Inc. is a Georgia corporation with the capacity to sue and be sued.

4.

Defendant and Respondent Clayton County, Georgia, (the "County") is a political subdivision of the State of Georgia and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Clayton County, Georgia. Service may be perfected on this Defendant and Respondent by serving Jeffrey E. Turner, Chairman of the Clayton County Board of Commissioners, at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

Copy from re:SearchGA

5.

Defendant and Respondent Clayton County Board of Commissioners is the governing authority of Clayton, County, Georgia. Venue is also proper with respect to Defendant and Respondent Clayton County Board of Commissioners. Service may be perfected on this Defendant and Respondent by serving Jeffrey E. Turner, Chairman of the Clayton County Board of Commissioners, at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

6.

Defendant and Respondent Jeffrey E. Turner is the Chairman of the Clayton County Board of Commissioners. He is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Jeffrey E. Turner. Further, he is sued in his individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

7.

Defendant and Respondent Sonna Singleton Gregory is a member of the Clayton County Board of Commissioners. She is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Sonna Singleton Gregory. Further, she is sued in her individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

8.

Defendant and Respondent Gail Hambrick is a member of the Clayton County Board of

Copy from re:SearchGA

Commissioners. She is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Gail Hambrick. Further, she is sued in her individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

9.

Defendant and Respondent Felicia Franklin is a member of the Clayton County Board of Commissioners. She is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Felicia Franklin. Further, she is sued in her individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

10.

Defendant and Respondent DeMont Davis is a member of the Clayton County Board of Commissioners. He is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent DeMont Davis. Further, he is sued in his individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

11.

Defendant and Respondent Clayton County Zoning Advisory Group is an entity created by the Clayton County Code of Ordinances consisting of seven (7) members who are appointed and confirmed by the Board of Commissioners. Venue is also proper with respect to Defendant and

Copy from re:SearchGA

Respondent Clayton County Zoning Advisory Group. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

12.

Defendant and Respondent Herman Turner is a member of the Clayton County Zoning Advisory Group. He is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Herman Turner. Further, he is sued in his individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

13.

Defendant and Respondent Addie Whittaker is a member of the Clayton County Zoning Advisory Group. She is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Addie Whittaker. Further, she is sued in her individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

14.

Defendant and Respondent Kevin Lewis is a member of the Clayton County Zoning Advisory Group. He is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Kevin Lewis. Further, he is sued in his individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by

Copy from re:SearchGA

law.

15.

Defendant and Respondent Keith Parker is a member of the Clayton County Zoning Advisory Group. He is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Keith Parker. Further, he is sued in his individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

16.

Defendant and Respondent Arnold Goodson is a member of the Clayton County Zoning Advisory Group. He is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Arnold Goodson. Further, he is sued in his individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

17.

Defendant and Respondent Hershel Trawick is a member of the Clayton County Zoning Advisory Group. He is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Hershel Trawick. Further, he is sued in his individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

Copy from re:SearchGA

18.

Defendant and Respondent Carlton Holloway is a member of the Clayton County Zoning Advisory Group. He is a resident of Clayton County, Georgia, and is subject to the jurisdiction of this Court. Venue is also proper with respect to Defendant and Respondent Carlton Holloway. Further, he is sued in his individual and official capacities. Service may be perfected on this Defendant and Respondent at 112 Smith Street, Annex 1, Jonesboro, Georgia 30236, or as otherwise provided by law.

19.

Jurisdiction and venue are otherwise proper before this Court.

## FACTS APPLICABLE TO ALL COUNTS

20.

Petitioner incorporates all paragraphs contained above as if the same were reprinted verbatim here.

21.

Sunrise Builders, Inc. owns certain real property located in Clayton County. This property (the "Subject Property") is approximately 14.9 +/- acres combined, further known as tax parcel identification numbers 12247C A005 and 1234A B001, according to the records of the Clayton County Tax Assessor.

22.

The Subject Property is currently zoned as Planned Unit Development ("PUD").

23.

On June 24, 2020, Mahmoud Amercani, who is the CEO of Sunrise Builders, Inc. and Egyptian-American, on behalf of Sunrise Builders, Inc., submitted a Preliminary Plat Application

Copy from re:SearchGA

(the "Application") to the Clayton County Community Development Department. A copy of the Application is attached hereto and incorporated herein as **Exhibit "A."**

24.

Said Application sought to subdivide the Subject Property, which is included in the Master Plan for the Planned Unit Development known as the Village of Ellenwood Subdivision, for a proposed forty-two (42) lot single-family subdivision, which would be called the Villages of Ellenwood – Village Creek.

25.

Based on the Subject Property's inclusion in the Master Plan, Petitioner had a vested right in having its Preliminary Plat Application considered and approved by Clayton County based on the prior approval of the Planned Unit Development.

26.

In accordance with the Clayton County Code of Ordinances Section 86-122, the Application then proceeded to the County's Technical Review Committee wherein said Committee determines whether the Application would require significant alterations to be made to the layout of streets, lots, utility systems, topography, or other proposed subdivision features. A copy of the certified record denoting the Code of Ordinances is attached hereto and incorporated herein as **Exhibit "B."**

27.

Because the Application did not require such alterations, it then proceeded to the County's Zoning Advisory Group. See Clayton County Code of Ordinances Section 86-122.

28.

When the Application at issue proceeded to the Zoning Advisory Group, it was

Copy from re:SearchGA

recommended for denial based on subjective criteria rather than the objective criteria contained in Clayton County Code of Ordinances Section 86-122(f)(1-4).

29.

By simply making a recommendation, the Zoning Advisory Group violated the procedure contained in the Clayton County Code of Ordinances.

30.

Section 86-122 of the Clayton County Code of Ordinances provides that, at a public hearing, "the zoning advisory group shall approve, approve with conditions, table, or deny the application for preliminary plat approval." Said Code Section further provides that the "zoning advisory group shall make written findings documenting its decision."

31.

Contravening the process outlined in the Clayton County Code of Ordinances, the Application then went before the Clayton County Board of Commissioners on December 15, 2020, wherein the Clayton County Board of Commissioners voted to deny it. A copy of the minutes from the December 15, 2020 Board of Commissioners hearing is attached hereto and incorporated herein as **Exhibit "C."**

32.

In support of its Application, Petitioner submitted a Constitutional Rights Letter to the Board of Commissioners, which explained why the Preliminary Plat Application should be approved based on the objective criteria contained in the Clayton County Code of Ordinances. The Letter also preserved the ability to challenge any subsequent decision made with respect to the Application. A copy of the Letter is attached hereto and incorporated herein as **Exhibit "D."**

Copy from re:SearchGA

COUNT ONE – PETITION FOR WRIT OF CERTIORARI

33.

Petitioner incorporates all paragraphs contained above as if the same were reprinted verbatim here.

34.

Petitioner seeks a Writ of Certiorari from this Court pursuant to O.C.G.A. § 5-4-1(a).

35.

Pursuant to the Clayton County Code of Ordinances, Section 86-122, the Zoning Advisory Group should have held a public hearing and made a final decision to approve, approve with conditions, table, or deny Petitioner's Preliminary Plat Application. Said decision is mandated by ordinance to have written findings documenting the Zoning Advisory Group's decision.

36.

Instead, the Zoning Advisory Group simply recommended denial to the Board of Commissioners, who made the final decision with respect to Petitioner's Preliminary Plat Application.

37.

The Board of Commissioners acted in a quasi-judicial, administrative capacity in considering and denying the Preliminary Plat Application. See Diversified Holdings, LLP v. City of Suwanee, 302 Ga. 597 (2017).

38.

The Board of Commissioners' decision to deny the Preliminary Plat Application was immediate in application, specific in effect, and involved an individualized assessment of the Subject Property. Accordingly, review by writ of certiorari is the appropriate remedy.

Copy from re:SearchGA

39.

Under the Clayton County Code of Ordinances Section 86-122, it was error for the Board of Commissioners to make a final decision with respect to Petitioner's Preliminary Plat Application. Said decision should have been made in writing by the Zoning Advisory Group.

40.

The Board of Commissioners made no findings of fact related to the basis upon which the Preliminary Plat Application was denied. Further, the Board of Commissioners made no conclusions of law regarding the basis upon which the Preliminary Plat Application was denied.

41.

The Board of Commissioners did not properly analyze or evaluate the Preliminary Plat Application pursuant to the Clayton County Code of Ordinances or Georgia law.

42.

Petitioner shows that a proper, evenhanded analysis of the objective standards set forth in the Clayton County Code of Ordinances required the Board of Commissioners to approve instead of deny the Preliminary Plat Application.

43.

As further basis for reversing the erroneous Final Decision made by the Board of Commissioners to deny the Preliminary Plat Application, Petitioner incorporates by reference all arguments made in support of the Preliminary Plat Application presented in writing or orally to the Board of Commissioners, the Technical Review Committee, the Zoning Advisory Group, or Staff.

44.

Petitioner is entitled to a Writ of Certiorari and reversal of the Board of Commissioners'

Copy from re:SearchGA

denial of the Preliminary Plat Application because the Board of Commissioners' decision was erroneous, arbitrary, and capricious.

45.

The Board of Commissioners' decision also violated Petitioner's right to procedural and substantive due process and equal protection of the laws guaranteed by Article I, Section I, Paragraph I, and Article I, Section I, Paragraph II, of the Constitution of the State of Georgia and the Fourteenth Amendment to the United States Constitution as incorporated against the States.

46.

The Board of Commissioners' decision lacked objective justification.

47.

The Board of Commissioners' decision also constituted a taking of the Petitioner's property without just and adequate compensation in violation of Article I, Section III, Paragraph I of the Constitution of the State of Georgia and the Fifth Amendment to the United States Constitution as incorporated against the States.

48.

As a result of the foregoing, Petition is entitled to, and requests the issuance of, a Writ of Certiorari directed to the Board of Commissioners and a reversal of the Board of Commissioners' Final Decision with respect to the Preliminary Plat Application.

## COUNT TWO – APPEAL AND DECLARATORY JUDGMENT

49.

Petitioner incorporates all paragraphs contained above as if the same were reprinted verbatim here.

Copy from re:SearchGA

50.

Petitioner appeals the decision made by the Board of Commissioners *de novo*.

51.

Petitioner has presented an actual case and controversy among the Parties, which is appropriate for resolution by declaratory judgment as provided in the Declaratory Judgments Act, O.C.G.A. § 9-4-1 *et seq.*

52.

The Final Decision made by the Board of Commissioners to deny the Preliminary Plat Application constituted a regulatory taking.

53.

Petitioner is entitled to a declaration that the denial of the Preliminary Plat Application is unconstitutional because it bears no substantial relation to the health, moral, safety, or general welfare of the public.

54.

Without this Court's intervention, Petitioner will suffer a significant deprivation of property rights that amounts to an uncompensated taking.

55.

The Final Decision made by the Board of Commissioners to deny the Preliminary Plat Application arbitrarily impacts the citizens of Clayton County and the decision cannot be justified under a rational basis or intermediate level of constitutional scrutiny.

56.

The Final Decision made by the Board of Commissioners to deny the Preliminary Plat Application disproportionately impacts certain racial minorities in an arbitrary manner that cannot

Copy from re:SearchGA

be justified under a rational basis or intermediate level of constitutional scrutiny.

57.

For these reasons, Petitioner is entitled to a declaration that the Final Decision made by the Board of Commissioner's to deny the Preliminary Plat Application was arbitrary and capricious, violated Petitioner's rights to procedural and substantive due process and equal protection of the laws as guaranteed by Article I, Section I, Paragraph I and Article I, Section I, Paragraph II of the Constitution of the State of Georgia and the Fourteenth Amendment to the United States Constitution, as incorporated against the states, and constituted a taking without just and adequate compensation of Petitioner's property in violation of Article I, Section III, Paragraph I, of the Constitution of the State of Georgia and the Fifth Amendment to the United States Constitution as incorporated against the States.

COUNT THREE – MANDAMUS

58.

Petitioner incorporates all paragraphs contained above as if the same were reprinted verbatim here.

59.

Under O.C.G.A. § 9-6-20:

> All official duties should be faithfully performed, and whenever, from any cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights; provided, however, that no writ of mandamus to compel the removal of a judge shall issue where no motion to recuse has been filed, if such motion is available, or where a motion to recuse has been denied after assignment to a separate judge for hearing.

60.

Petitioner shows that by denying the Preliminary Plat Application, the Board of

Copy from re:SearchGA

Commissioners have failed to faithfully perform their legally required duties. As a result, a defect of legal justice would ensue from this failure.

61.

While Petitioner may have other legal remedies available to it as set forth herein, Petitioner shows that it lacks an adequate legal remedy by which it can obtain its legal entitlement to approval of the Preliminary Plat Application except through the issuance of the writ of mandamus. Accordingly, there is no other specific legal remedy for the vindication of the Petitioner's legal rights to the approval of its Preliminary Plat Application.

62.

Petitioner shows that it is entitled to a writ of mandamus compelling the approval of the Preliminary Plat Application.

## COUNT FOUR – INVERSE CONDEMNATION/REGULATORY TAKING

63.

Petitioner incorporates all paragraphs contained above as if the same were reprinted verbatim here.

64.

As shown above, the Final Decision by the Board of Commissioners to deny the Preliminary Plat Application constitutes a taking or damaging of private property without just and adequate compensation being first paid pursuant to Article I, Section III, Paragraph I, of the Constitution of the State of Georgia.

65.

Petitioner further shows the Court that the governmental regulation at issue in this matter is so onerous that its effect is tantamount to a direct appropriation or ouster.

Copy from re:SearchGA

66.

Petitioner shows that the denial of the Preliminary Plat Application deprives the Subject Property of substantially all economic value.

67.

At the very least, the Board of Commissioners' Final Decision to deny the Preliminary Plat Application has damaged Petitioner's property without a valid public purpose or without first acquiring any ownership interest therein.

68.

For these reasons, Petitioner is entitled to compensation for the diminution in value for its property subject to the Preliminary Plat that should have been approved.

## COUNT FIVE – DEPRIVATION OF CONSTITUTIONAL RIGHTS AND CLAIM UNDER 42 U.S.C. § 1983

69.

Petitioner incorporates all paragraphs contained above as if the same were reprinted verbatim here.

70.

Petitioners has a right of action pursuant to 42 U.S.C. § 1983 for Declaratory Judgment for the redress of the denial of rights protected by the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.

71.

Petitioners is entitled to recover reasonable attorneys' fees, expenses of litigation and other costs incurred in an effort to vindicate its constitutionally protected rights under the Fifth and Fourteenth Amendments to the Constitution of the United States to 42 U.S.C. § 1988.

Copy from re:SearchGA

72.

42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

73.

The Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States guarantees that all citizens of the United States are treated equally and fairly.

74.

Similarly, the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States guarantees that citizens of the United States receive procedural due process, substantive due process, and are not subject to arbitrary or capricious laws.

75.

In this case, while the Board of Commissioners has approved prior construction of the existing development, the Village of Ellenwood Subdivision, including approval of preliminary subdivision plats for other persons similarly situated, it has arbitrarily denied Petitioner's request to subdivide the Subject Property based on subjective criteria not contained in the Clayton County Code of Ordinances.

76.

Such denial is an arbitrary application of the Clayton County Code of Ordinances and denies Petitioner its right to due process and equal protection.

Copy from re:SearchGA

77.

As a result of the Board of Commissioners' violation of Petitioner's constitutional rights, Petitioner has suffered damages in an amount to be proven at trial.

## COUNT SIX – ATTORNEY'S FEES

78.

The actions of Defendants and Respondents have been stubbornly litigious, performed in bad faith, and have caused Petitioner unnecessary trouble and expense. Accordingly, the Petitioner is entitled to attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11.

79.

Petitioner is also entitled to attorney's fees and litigation expenses pursuant to O.C.G.A. § 9-15-14(a) because the positions asserted by the Defendants and Respondents have such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept such positions.

80.

Petitioner is further entitled to attorney's fees and litigation expenses pursuant to O.C.G.A. § 9-15-14(b) because the positions asserted by the Defendants and Respondents lacked substantial justification, were interposed for delay and harassment, and unnecessarily expanded these proceedings.

81.

Petitioner is further entitled to attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988(b) because the Defendants and Respondents have violated Petitioner's civil rights for which Petitioner was forced to initiate the instant litigation, incurring attorney's fees and expenses to effectuate the same.

Copy from re:SearchGA

WHEREFORE, Petitioners prays for the following relief, including:

A. Under Count One, the issuance of a Writ of Certiorari directed to Respondents; a hearing on this Petition; and a reversal of the Final Decision made by the Board of Commissioners to deny the Preliminary Plat Application.

B. Under Count Two, a declaration that the Final Decision made by the Board of Commissioners to deny the Preliminary Plat Application violated Petitioner's Constitutional Rights and are, in fact, unconstitutional.

C. Under Count Three, the issuance of a writ of mandamus compelling the Board of Commissioners to approve the Preliminary Plat Application.

D. Under Count Four, a finding that the Final Decision made by the Board of Commissioners regarding the Preliminary Plat Application was unlawful in that it constituted a taking or damaging of Petitioner's property without just and adequate compensation being first paid; or, in the alternative, the commencement of an expedited hearing to determine the amount of just and adequate compensation to which Petitioner is entitled.

E. Under Count Five, a declaration that the Final Decision made by the Board of Commissioners to deny the Preliminary Plat Application violated the Petitioners' Constitutional Rights under 42 U.S.C. § 1983 and an award of attorney's fees and litigation expenses for having to bring this action pursuant to 42 U.S.C. § 1988.

F. Under Count Six, an award of attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11; O.C.G.A. § 9-15-14(a); O.C.G.A. § 9-15-14(b); and, 42 U.S.C. § 1988.

G. Finally, for such other and further relief as this Court deems proper.

Respectfully submitted this 3th day of January 2021.

*(Signature on next page)*

Copy from re:SearchGA

_Warren Tillery_

Andrew J. (Andy) Welch, III
Georgia Bar No. 746801
Warren M. Tillery
Georgia Bar No. 763972
M. Chase Collum
Georgia Bar No. 991516
Attorneys for Plaintiff and Petitioner

SMITH, WELCH, WEBB & WHITE, LLC.
2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Telephone: (770) 957-3937
Facsimile: (770) 957-9165
E-mail: awelch@smithwelchlaw.com
E-mail: wtillery@smithwelchlaw.com
E-mail: ccollum@smithwelchlaw.com

Copy from re:SearchGA

EFILED
CLAYTON COUNTY, GA
1/14/2021 5:01 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

SUNRISE BUILDERS, INC.,

    Plaintiff/Petitioner,

v.

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

    Defendants,

and

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

    Respondents.

CIVIL ACTION
FILE NO. _____ 2021CV00165-10

{Doc: 02634964.DOCX}       21

Copy from re:SearchGA

VERIFICATION

2021CV00165-10

STATE OF GEORGIA
COUNTY OF CLAYTON

PERSONALLY APPEARED before me, the undersigned officer, duly authorized by law to administer oaths in the State of Georgia, Mahmoud Amercani, who is the CEO of Sunrise Builders, Inc., who, after being duly sworn, verifies that the facts contained in the within and foregoing Petition for Writ of Certiorari, Appeal and Verified Complaint are true and correct to the best of his knowledge.

This __12__ day of January, 2021.

Mahmoud Amercani
CEO, Sunrise Builders, Inc.

Sworn to and subscribed before me,

this __12__ day of __January__, 2021

Diana Thomas
NOTARY PUBLIC
My commission expires __02/20/24__

22

Copy from re:SearchGA



COMMUNITY DEVELOPMENT DEPARTMENT

121 South McDonough Street, Jonesboro, GA 30236

Office: (770) 477-3569

https://www.claytoncountyga.gov/government/community-development

## PRELIMINARY PLAT APPLICATION

### Application Submittal:

This application is required for all Preliminary Plat applications (Appendix A; Article 3, Division 4, Sec. 86-122).

Incomplete applications will **not** be accepted.

All applications must be complete and submitted in accordance with the adopted Zoning Matters Schedule. Applicants are encouraged to submit complete applications prior to the noted submittal cutoff date. Please meet with the Office of Planning, Zoning, and Sustainability staff regarding any questions or clarifications.

### Supporting Documentation:

See Document Requirements Matrix (attached)

Zoning Matters Calendar (attached)

### Fees and Schedule:

The fee for submitting a Preliminary Plat application is $500.

The Preliminary Plat application proceeds through the Technical Review Committee and Zoning Advisory Group public hearings for approval.

### Note:

Upon approval of the Preliminary Plat, the applicant can submit an application for Construction Site Plan Approval.



Planning, Zoning, and Sustainability Division | Office: 770.473.5401



COMMUNITY DEVELOPMENT DEPARTMENT

121 South McDonough Street, Jonesboro, GA 30236

Office: (770) 477-3569

https://www.claytoncountyga.gov/government/community-development

# PRELIMINARY PLAT APPLICATION

Applicant Has Previously Attended a Pre-Application Meeting: ☐ Yes  ☐ No

## OWNER / APPLICANT:

| Owner Name: Sunrise Builders Inc/ Mahmoud Amercani | | | Applicant Name: Same As Owner | | |
|---|---|---|---|---|---|
| Address: 301 Highway 138 W | | | Address: | | |
| City: Jonesboro | State: Georgia | Zip: 30238 | City: | State: | Zip: |
| Tel #: 770-210-2277 | Mobile #: 770-318-8614 | | Tel #: | Mobile #: | |
| Email: cmaker@sphinxrealty.com | | | Email: | | |

## PROPERTY INFORMATION:

| Project Name: Villages of Ellenwood Tract #9 | | |
|---|---|---|
| Property Location: Villagewood Lane; Ellenwood, Georgia | | Commission District: 1 |
| Parcel #(s): 12247CA005, 12234AB001 | Current Zoning District: PUD | Total Acreage: 14.927 |

Any Applicable Zoning Overlay Districts: ■ N/A  ☐ Mountain View  ☐ Old Dixie

☐ Highway 138  ☐ Highway 42  ☐ Highway 54  ☐ Tara Boulevard  ☐ Panhandle Area  ☐ Cherry Hills

**Type of Development:**

■ Residential  ☐ Non-Residential  ☐ Mixed Use

Copy from re:SearchGA

COMMUNITY DEVELOPMENT DEPARTMENT

121 South McDonough Street, Jonesboro, GA 30236

Office: (770) 477-3569

https://www.claytoncountyga.gov/government/community-development

## PRELIMINARY PLAT APPLICATION

**Is Property Currently Vacant:**

■ Yes  ☐ No

**If No, Current Use of Property:**

NA

**Proposed Use of Property:**

Residential Development

**Will the Project Contain an Amenity Area:**

☐ Yes  ■ No

**If Yes, Describe Amenity Area:**

NA

Total Number of Lots Proposed: 42

Minimum Lot Size Proposed: 6,000 sf. (60'x100')

**If Proposed Use is Commercial:**

Total Building Area Proposed: NA

I hereby certify that the information provided in this application is true and accurate.

Print Name _AAHANOLD AAERCAN_ Signature _J.A._ Date _6-24-20_

Planning, Zoning, and Sustainability Division | Office: 770.473.5401

Copy from re:SearchGA

JEFFREY E. TURNER
CHAIRMAN
MICHAEL L. EDMONDSON
VICE CHAIRMAN / DISTRICT 4
SONNA SINGLETON-GREGORY
DISTRICT 1
GAIL B. HAMBRICK
DISTRICT 2
FELICIA FRANKLIN WARNER
DISTRICT 3

COMMUNITY DEVELOPMENT DEPARTMENT

121 South McDonough Street, Jonesboro, GA 30236

Office: (770) 477-3569

https://www.claytoncountyga.gov/government/community-development



PATRICK EJIKE
DIRECTOR

## PROPERTY OWNER(S) AUTHORIZATION FORM

Mahmoud Amercani _____ swear and affirm that I am the owner of the property at
(Property Owner's Name)

Villagewood Lane, Ellenwood, Georgia (12247CA005, 12234AB001) , as shown on the Tax
(Property Address and Parcel Number)

Map And/or deed records of Clayton County, Georgia.

I hereby authorize Same As Owner _____ to act as the applicant or agent in pursuit of
(Applicant Name)

the development requested on this property.

_____
(Signature of Property Owner)

Personally appeared before me on this  24  day of  June  20 20

My Commission expires on  02/20/24

Notary Signature/Seal
EXPIRES
GEORGIA
2/20/24
PUBLIC
HENRY COUNTY

6/24/20

Date

Planning, Zoning, and Sustainability Division | Office: 770.473.5401

Copy from re:SearchGA

## PLANNING, ZONING, & SUSTAINABILITY APPLICATION SUBMITTAL REQUIREMENTS

| ZONING APPLICATIONS | Completed Application | Property Owner Authorization | Notarized Campaign Disclosure Form | Property Deed | Letter of Intent | Survey of Existing Property | Sewer/Septic Letter | Site Plans | Site Photos |
|---|---|---|---|---|---|---|---|---|---|
| **ZONING APPEALS** | | | | | | | | | |
| Administrative Decision Appeals | X | | | | X | | | | |
| Zoning Variance | X | X | | X | X | X | | X | |
| **ADMINISTRATIVE PROCESS** | | | | | | | | | |
| Pre-Application Meeting Request | X | | | | X | X | | X | |
| Zoning Verification Letter Request | X | | | | X | X | | | |
| Minor Subdivision, Lot Combination, Lot ReParcel | X | X | | X | X | X | X | X | |
| Tree Removal | X | X | | X | X | X | | X | X |
| Timber Harvesting | X | X | | | X | X | | X | X |
| Urban / Market Garden | X | X | | | X | X | X | X | |
| Sign Permit | X | See Sign Permit Application | | | | | | | |
| **LAND DEVELOPMENT** | | | | | | | | | |
| Site Development | X | X | | X | X | X | | X | |
| Preliminary Plat | X | X | | X | X | X | | X | |
| Final Plat | X | X | | X | X | X | | X | |
| **REZONINGS & LAND USE** | | | | | | | | | |
| Rezoning (Map Change) | X | X | X | X | X | X | X | X | |
| Future Land Use Plan Amendments | X | X | X | X | X | X | X | X | |
| Zoning Condition Modifications | X | X | X | X | X | X | X | X | |
| Conditional Use Permit | X | X | X | X | X | X | X | X | |
| Planned Unit Development | X | X | X | X | X | X | X | X | |

Note:

Letter of Authorization must be notarized

Sewer Letter from Clayton County Water Authority  or Septic Letter from Clayton County Health Department



# COMMUNITY DEVELOPMENT DEPARTMENT

121 South McDonough Street, Jonesboro, GA 30236

https://www.claytoncountyga.gov/government/community-development

## Zoning Matters Calendar 2020 -2021

| Application Filing/Submittal Cycle Deadline | Technical Review Committee Meeting | Legal Ad Runs & Signs Posted on Property | Community Information Meeting (CIM) & Proof of Interested Party Notice Received by County Staff | Zoning Advisory Group Public Hearing | BOC Public Hearing** |
|---|---|---|---|---|---|
| Jan 7, 2020 | Feb 5, 2020 | Feb 12, 2020 | Feb 19, 2020 | Mar 2, 2020 | Mar 17, 2020 |
| Feb 4, 2020 | Mar 4, 2020 | Mar 11, 2020 | Mar 18, 2020 | Apr 6, 2020 | Apr 21, 2020 |
| Mar 3, 2020 | Apr 1, 2020 | Apr 8, 2020 | Apr 15, 2020 | May 4, 2020 | May 19, 2020 |
| Apr 7, 2020 | May 6, 2020 | May 13, 2020 | May 20, 2020 | Jun 1, 2020 | Jun 16, 2020 |
| May 5, 2020 | June 3, 2020 | Jun 10, 2020 | Jun 17, 2020 | Jul 6, 2020 | Jul 21, 2020 |
| Jun 2, 2020 | July 1, 2020 | Jul 8, 2020 | Jul 15, 2020 | Aug 3, 2020 | Aug 18, 2020 |
| Jul 7, 2020 | Aug 5, 2020 | Aug 12, 2020 | Aug 19, 2020 | Sept 3, 2020 Holiday Schedule | Sept 15, 2020 |
| Aug 4, 2020 | Sept 2, 2020 | Sept 9, 2020 | Sept 16, 2020 | Oct 5,2 019 | Oct 20, 2020 |
| Sept 1, 2020 | Sept 30, 2020 | Oct 7, 2020 | Oct 21, 2020 | Nov 2, 2020 | Nov 17, 2020 |
| Oct 6, 2020 | Nov 4, 2020 | Nov 11, 2020 | Nov 18, 2020 | Dec 7, 2020 | Dec 15, 2020 |
| Nov 3, 2020 | Dec 2, 2020 | Dec 9, 2020 | Dec 16, 2020 | Jan 4, 2021 | Jan 19, 2021 |
| Dec 1, 2020 | Dec 30, 2020 | Jan 6, 2021 | Jan 20, 2021 | Feb 1, 2021 | Feb 16, 2021 |

Zoning Advisory Group (ZAG) and Board of Commissioners' (BOC) Public Hearings are limited to ten (10) applications per Article 10.15 of the zoning ordinance. Applicants forwarded from TRC will be added to the agenda according to the date and time of original submittal.

* ZAG and BOC Public Hearings are held at 7:00 P.M. in the Commissioners Board Room, located at 112 Smith Street, Jonesboro, GA 30326. Each Public Hearing is preceded by a pre-meeting at 6:30p in the conference room.

* * Technical Review Committee meetings are held in the Community Development conference room. Applicants must be in attendance and will be assigned a time slot when fees are received.

*** Community Information Meetings (CIM) are held at 6:00 P.M. in the Historic Court Room (2nd floor), located at 121 McDonough Street, Annex #2, Jonesboro, GA 30326.

**Planning, Zoning, and Sustainability Division | Office: 770.473.5401**

Copy from re:SearchGA





Copy from re:SearchGA



Copy from re:SearchGA

JEFFREY E. TURNER
CHAIRMAN
DEMONT DAVIS
VICE CHAIRMAN
SONNA GREGORY
COMMISSIONER
GAIL B. HAMBRICK
COMMISSIONER
FELICIA FRANKLIN WARNER
COMMISSIONER

*Clayton County*
*Commissioners*

112 SMITH STREET
JONESBORO, GEORGIA 30236
PHONE: (770) 477-3208
www.claytoncountyga.gov



# CERTIFICATION

I, BRENDA B. JAMES, CLERK TO THE CLAYTON COUNTY BOARD OF
COMMISSIONERS, DO HEREBY CERTIFY THAT THE FOREGOING SECTIONS
ARE TRUE AND CORRECT COPIES OF THE FOLLOWING:

- SECTIONS 86-122 AND 86-123   CLAYTON COUNTY CODE OF
  ORDINANCES

IN WITNESS, HEREOF, I HAVE HEREUNTO SET ME HAND AND AFFIXED THE
OFFICIAL SEAL OF CLAYTON COUNTY, GEORGIA THIS, 5TH DAY OF JANUARY
20212.

*Brenda B James*

BRENDA B. JAMES
CLERK OF THE COMMISSION



| | **EXHIBIT** |
|---|---|
| tabbies® | B |

Copy from re:SearchGA

(b) *Property ownership:*

    (1) The name and address, including telephone number, of the legal owner, the developer of the property or his/her agent, and citation of last instrument conveying titles to each parcel of property to the owner identified in the application, giving grantor, grantee, date, and land records reference;

    (2) Citations of any existing covenants on the property;

    (3) The name and address, including telephone number, of the professional(s) responsible for the subdivision design and for surveys.

(c) *Property legal description.* The location of the property, the name of the land lot, district, parcel, and county, graphic scale, north arrow, and date.

(d) *Development description:*

    (1) A legend and notes, including a graphic scale, north point, and date;

    (2) An indication of the lot to be considered the remainder of the parent tract;

    (3) The approximate location of existing or proposed septic systems including termination point and outlet of all perimeter drain systems and/or public sanitary sewer systems;

    (4) The approximate location of any existing or proposed wells and/or public water systems;

    (5) Lot numbers and the area for each lot which may be created on the parent tract (listed in square footage and acres), including all setback lines, lot dimensions and road frontage widths;

    (6) All existing and proposed easements including the location, width, and purpose of the existing and/or proposed easement;

(7) All existing rights-of-way on and adjoining the site of the proposed subdivision showing the street names and pavement widths;

(8) The location, size, and invert elevation of any utilities existing and proposed adjacent to, and on the site, including storm and sanitary sewers; water mains; electrical, telephone, and cable television lines; street lights; fire hydrants; and such other utilities as may be appropriate;

(9) The location(s) of any existing structure(s) on the site and a description of the future use;

(10) The location of natural streams, regulated drains, 100-year flood plains, floodways, water courses, marshes, wooded areas, and other structures or significant features;

(11) The location and results of tests, as required by any county, state, or federal government agencies made to ascertain subsurface soil, rock, and groundwater conditions;

(12) The location of all existing and proposed driveways, and a copy of agreement providing for the construction and maintenance of shared driveways, and no-access easements;

(13) The proposed phasing of the development, if more than one lot is involved and development will occur over time.

(e) *Subdivision covenants.* In final plat any protective covenants applicable to the subdivision shall be prepared by the petitioner and be legally sound. The covenants shall be subject to the approval of the zoning administrator and/or county attorney and, at a minimum, shall provide a means for the maintenance and upkeep of any common areas. All covenants shall be recorded in the office of the county clerk of superior courts, with a copy of the recorded covenants being provided to the department of community

Copy from re:SearchGA

zoning administrator in preparation for the zoning advisory group hearing by the date specified on the adopted calendar of meeting and filing dates.

b.  The zoning administrator shall require further review of the application for preliminary plat approval if addressing the comments made will require significant alterations in the layout of streets, lots, utility systems, topography, drainage ways, or other proposed subdivision features. The application shall be placed on the agenda for further review at the next technical review committee meeting. The applicant shall revise the preliminary plat consistent with the comments received from the committee and supply revised application materials and the specified number of copies to the zoning administrator in preparation for further review by the technical review committee by a date specified on the adopted calendar of meeting and filing dates.

(d) *Notice of public hearing.* Notice of public hearing shall be given in accordance with the requirements of article 13 of the zoning ordinance prior to the zoning advisory group meeting when the proposed preliminary plat is to be heard.

(e) *Zoning advisory group hearing.* The zoning administrator shall place all applications forwarded to the zoning advisory group by the technical review committee on the agenda for a public hearing at the appropriate zoning advisory group meeting based on the adopted calendar of meeting and filing dates.

(1)  The zoning advisory group shall hold a public hearing on the petition, considering the preliminary plat application materials, the report of the technical review committee prepared by the zoning administrator, and testimony from the petitioner and any interested parties. At the public hearing, the zoning advisory group

shall approve, approve with conditions, table, or deny the application for preliminary plat approval.

a.  The zoning advisory group shall approve the preliminary plat if it is found to be completely consistent with the decision criteria provided by this section.

b.  The zoning advisory group shall approve the preliminary plat with conditions if it is generally consistent with the decision criteria, but specific minor modifications are required to meet all of the applicable requirements.

c.  The zoning advisory group shall table the preliminary plat consistent with the adopted rules and procedures of the zoning advisory group.

d.  The zoning advisory group shall deny the preliminary plat if it is found to be inconsistent with the decision criteria provided by section 86-103 and requires modifications that would result in changes to the layout of public improvements, lots, drainage systems, or other characteristics of the subdivision.

(2)  The zoning advisory group shall make written findings documenting its decision. The zoning administrator shall return one copy of the application for preliminary plat approval and the plat to the petitioner with the date of approval, conditional approval, continuance, or disapproval and a copy of the written findings of the zoning advisory group within ten business days of the date of the decision. The zoning administrator shall maintain one file copy of the preliminary plat application and plat.

(3)  Approval of a preliminary plat by the zoning advisory group is not final approval of the subdivision.

(4)  The approval of the preliminary plat shall expire 18 months from the date of the zoning advisory group's decision if the

Copy from re:SearchGA

(2) Subdivision boundary lines showing dimensions, bearings, and references to map number, land lot, district, parcel, and county.

(d) *Development description:*

(1) A legend and notes, including a graphic scale, north point, and date;

(2) The approximate location of existing or proposed septic systems including termination point and outlet of all perimeter drain systems and/or the municipal sanitary sewer system;

(3) The approximate location of any existing or proposed wells and/or the municipal water system;

(4) Preliminary plat approval certificate for signing by the zoning advisory group chairman and/or vice chairman;

(5) Lot numbers, including the location of monuments and the area for each lot (listed in square footage and acres), and the buildable areas of each lot per applicable zoning district setback requirements and any other regulatory or natural limitations;

(6) All existing and proposed easements including the location, width, and purpose of each easement;

(7) All existing and proposed streets and rights-of-way on and adjoining the site of the proposed subdivision showing the proposed names, roadway widths, approximate gradients, types and widths of pavements, curbs, and sidewalks;

(8) Any parcels of land proposed to be dedicated or reserved for common areas, schools, parks, playgrounds, or other public, semi-public, or community purposes;

(9) The location, size, and invert elevation of utilities existing and proposed adjacent to and on the site, including storm and sanitary sewers; water mains; electrical, telephone, and cable television lines;

street lights; fire hydrants; and such other utilities as may be appropriate;

(10) The location(s) of any existing structure(s) on the site and a description of its future demolition or incorporation into the proposed subdivision;

(11) The location and results of tests, as required by any county, state, or federal government agencies made to ascertain subsurface soil, rock, and groundwater conditions;

(12) All proposed sidewalks or pedestrian trials;

(13) All locations of existing and proposed street lights and street signs;

(14) A statement of the expected demand of the subdivision for capacity at the applicable waste water treatment facility;

(15) All proposed landscaping, signage, development entrance features, screening, and attempts at preserving natural terrain and open space. (The zoning advisory group, technical review committee, or zoning administrator may request a landscaping plan or buffering plan, prepared by a registered landscape architect, architect, surveyor, or engineer to be submitted on a separate sheet);

(16) The estimated traffic count increase on adjacent streets resulting from the proposed development; a description of type and condition of roads serving the subdivision site; the total number of motor vehicles expected to use or be stationed in the subdivision; and a description of on and offsite parking to be supplied.

(e) *Subdivision phasing description.* If the preliminary plat is to be divided into sections for the phasing of development, the preliminary boundaries and numbers of such sections shall be shown. In no case may any section contain less than ten percent of the proposed lots.

Copy from re:SearchGA

include surface drainage system, storm sewer systems, subsurface drainage systems, and storm water detention facilities. Arrows designating the general drainage of all streets and lots shall be included.

(4) *Residential drainage plan.* Certain residential lots, which have the possibility of creating drainage problems, may be designated as needing an individual residential drainage plan. Such lots shall be marked "RDP." Prior to issuance of a building permit, the applicant shall submit plans showing the intended building location; driveway location; other impervious surfaces; grading plan; ditches, swales and other drainage features; and related drainage features, so that the impact of the individual lot on the drainage of the subdivision can be reviewed. The staff must approve the RDP prior to a permit being issued, and the home must be built and the lot graded in compliance with the plan.

(j) *Vicinity description.* On a separate sheet a vicinity map must be submitted that includes the following information:

(1) Location of the proposed subdivision within the county.

(2) Existing subdivisions and lots adjacent to or within 400 feet of the proposed subdivision. The owners of each of these tracts shall be identified on the drawing with the date and book and page (or instrument number) of the last conveyance of ownership.

(3) Existing schools, parks, playgrounds, or other similar public facilities that will serve the proposed subdivision.

(4) Location and size of all utilities adjacent to or within 400 feet of the subdivision site, including sanitary and storm sewers, gas lines, electric

lines, telephone lines, water mains, fire hydrants, and cable television lines.

(5) All public thoroughfares/rights-of-way adjacent to or within 400 feet of the site.

(6) Existing streets and rights-of-way on and adjoining the site of the proposed subdivision showing the names, roadway widths, approximate gradients, surface types, and widths of pavements and curbs.

(7) Existing zoning of the tract and all contiguous tracts surrounding the proposed subdivision.

(8) All section and municipal corporate boundaries lying within or contiguous to the tract.

(k) *Engineering feasibility report.* A feasibility report prepared by a registered professional engineer covering sewage, water, and drainage facilities for the subdivision shall be provided which includes, but is not limited to, the following:

(1) *Utility systems.* A description of the feasibility of connecting to existing storm and sanitary sewers and water supply. This portion of the report shall include the distance from the nearest public sewer and the capacity of the existing system intended to handle the additional waste load and any additional requirements of the county water authority.

(2) *Street construction.* A preliminary report on the types of street construction based on the specifications provided by this article and any additional requirements of the department of transportation and development.

(3) *Traffic study.* A traffic impact study shall be submitted for residential developments with more than 120 dwelling units and for any commercial development deemed likely by the department of transportation and

Copy from re:SearchGA

JEFFREY E. TURNER
CHAIRMAN
DEMONT DAVIS
VICE CHAIRMAN
SONNA GREGORY
COMMISSIONER
GAIL B. HAMBRICK
COMMISSIONER
FELICIA FRANKLIN WARNER
COMMISSIONER

*Clayton County*
*Commissioners*

112 SMITH STREET
JONESBORO, GEORGIA 30236
PHONE: (770) 477-3208
www.claytoncountyga.gov



# CERTIFICATION

I, BRENDA B. JAMES, CLERK TO THE CLAYTON COUNTY BOARD OF

COMMISSIONERS, DO HEREBY CERTIFY THAT THE FOREGOING SECTIONS

ARE TRUE AND CORRECT COPIES OF THE FOLLOWING:

- **SECTIONS 86-122 AND 86-123   CLAYTON COUNTY CODE OF**

  **ORDINANCES**

IN WITNESS, HEREOF, I HAVE HEREUNTO SET ME HAND AND AFFIXED THE
OFFICIAL SEAL OF CLAYTON COUNTY, GEORGIA THIS, 5TH DAY OF JANUARY
20212.



**BRENDA B. JAMES**
**CLERK OF THE COMMISSION**

development prior to the issuance of an improvement location permit and or building permit.

(f) *Vicinity description.* On a separate sheet a vicinity map must be submitted that includes the following information:

  (1) The location of the proposed subdivision within the county;

  (2) All public thoroughfares/rights-of-way adjacent to or within 200 feet of the site;

  (3) Existing and proposed driveways located on either side of all roads adjacent or within 200 feet of the subject property;

  (4) Existing zoning of the tract and all contiguous tracts surrounding the proposed subdivision.

(Ord. of 5-22-08, § 3.4)

**Secs. 86-115—86-120. Reserved.**

DIVISION 4. MAJOR SUBDIVISION

**Sec. 86-121. Intent.**

The intent of this article is to provide procedures and standards for review of all applications for the subdivision of all land not exempt or not considered a minor subdivision under division 3 of this article.
(Ord. of 5-22-08, § 4.1)

**Sec. 86-122. Preliminary plat application and review procedure.**

(a) *Application requirements.* In order to begin the subdivision process the applicant shall file an application for preliminary plat approval and the specified number of copies with the zoning administrator. This application shall:

  (1) Be made on forms available at the department of community development and be signed by the owner and developer and notarized;

  (2) Be accompanied by the specified number of copies of a preliminary plat meeting the requirements provided by this article;

  (3) Be accompanied by a fee in the amount established by the adopted fee schedule; and

  (4) Be accompanied by a copy of all comments received from the appropriate local utility providers. (At a minimum, the subdivider shall provide an affidavit indicating that a copy of the proposed preliminary plat has been provided to all appropriate local utilities).

(b) *Processing standards.* No application shall be processed until the application is filled out correctly and all applicable attachments are presented to the zoning administrator. No docket number shall be released until the complete application has been submitted and all applicable fees have been paid for the application.

(c) *Technical review committee.* The zoning administrator shall place the application for preliminary plat approval on the agenda for the applicable meeting of the county technical review committee.

  (1) In reviewing the application, the technical review committee shall consider the provisions of this article, the zoning ordinance, and other applicable adopted requirements.

  (2) The technical review committee shall make comments regarding the application. Based on those comments, the zoning administrator shall either forward the application to the zoning advisory group or require further review.

    a. The zoning administrator shall forward the application for preliminary plat approval to the zoning advisory group if addressing the comments made will not require the applicant to significantly alter the layout of streets, lots, utility systems, topography, or other proposed subdivision features. The applicant shall revise the preliminary plat consistent with the comments received from the technical review committee and supply revised application materials and the specified number of copies to the

Copy from re:SearchGA

applicant has not proceeded with the development by applying for construction plan approval.

   a.   Extensions of time may be granted by the zoning advisory group upon the request of the petitioner.

   b.   In the case of preliminary plats which are divided into sections for the purpose of a phased construction, the preliminary plat shall expire five years after the date of approval of the construction plans for the most recently developed section if construction plans for the subsequent section have not been approved and the installation of public improvements in that section commenced. Nonresidential preliminary plats shall expire seven years from the date of approval.

  (5)  If the preliminary plat application is denied, the petitioner may not resubmit the same application for six months from the date of disapproval. Fees on a resubmitted preliminary plat application shall be the same as if it were an original submittal.

  (f) *Decision criteria.* In reviewing applications for preliminary plat approval, the zoning advisory group shall consider the following criteria:

  (1)  The degree to which the proposed preliminary plat is consistent with the provisions of the comprehensive plan;

  (2)  The degree to which the proposed preliminary plat is consistent with the requirements of this article;

  (3)  The degree to which the proposed preliminary plat is consistent with the intent and standards of the zoning district in which it is located; and

  (4)  The degree to which the proposed preliminary plat is consistent with all adopted construction standards for public improvements in the county, and standard engineering practices.

(Ord. of 5-22-08, § 4.2)

## Sec. 86-123. Specifications for preliminary plat documents to be submitted.

The proposed preliminary plat shall be prepared by a land surveyor or professional engineer and certified by a land surveyor registered by the state. It shall be designed on state plane coordinates, drawn at a scale of 100 feet to one inch on sheets not exceeding 24 inches by 36 inches in area. The proposed preliminary plat shall include:

  (a)  *Property name:*

    (1)  The name of the subdivision if the subject property is within an existing subdivision; or

    (2)  A proposed name if not within a previously platted subdivision. The proposed name shall not duplicate the name of any subdivision plat previously recorded nor for which *preliminary plat approval is still in effect.*

  (b)  *Property ownership:*

    (1)  The name and address, including telephone number, of the legal owner, the developer of the property or his/her agent, and citation of last instrument conveying titles to each parcel of property to the developer involved in the proposed subdivision, giving grantor, grantee, date, and land records reference;

    (2)  Citations of any existing covenants on the property;

    (3)  The name and address, including telephone number, of the professional person(s) responsible for the subdivision design, for the design of the public improvements, and for surveys.

  (c)  *Property description:*

    (1)  A dimensioned drawing of the parcel of land which is being subdivided, including any remaining tract;

Copy from re:SearchGA

    (2)  Subdivision boundary lines showing dimensions, bearings, and references to map number, land lot, district, parcel, and county.

(d)  *Development description:*

    (1)  A legend and notes, including a graphic scale, north point, and date;

    (2)  The approximate location of existing or proposed septic systems including termination point and outlet of all perimeter drain systems and/or the municipal sanitary sewer system;

    (3)  The approximate location of any existing or proposed wells and/or the municipal water system;

    (4)  Preliminary plat approval certificate for signing by the zoning advisory group chairman and/or vice chairman;

    (5)  Lot numbers, including the location of monuments and the area for each lot (listed in square footage and acres), and the buildable areas of each lot per applicable zoning district setback requirements and any other regulatory or natural limitations;

    (6)  All existing and proposed easements including the location, width, and purpose of each easement;

    (7)  All existing and proposed streets and rights-of-way on and adjoining the site of the proposed subdivision showing the proposed names, roadway widths, approximate gradients, types and widths of pavements, curbs, and sidewalks;

    (8)  Any parcels of land proposed to be dedicated or reserved for common areas, schools, parks, playgrounds, or other public, semi-public, or community purposes;

    (9)  The location, size, and invert elevation of utilities existing and proposed adjacent to and on the site, including storm and sanitary sewers; water mains; electrical, telephone, and cable television lines;

    street lights; fire hydrants; and such other utilities as may be appropriate;

    (10)  The location(s) of any existing structure(s) on the site and a description of its future demolition or incorporation into the proposed subdivision;

    (11)  The location and results of tests, as required by any county, state, or federal government agencies made to ascertain subsurface soil, rock, and groundwater conditions;

    (12)  All proposed sidewalks or pedestrian trials;

    (13)  All locations of existing and proposed street lights and street signs;

    (14)  A statement of the expected demand of the subdivision for capacity at the applicable waste water treatment facility;

    (15)  All proposed landscaping, signage, development entrance features, screening, and attempts at preserving natural terrain and open space. (The zoning advisory group, technical review committee, or zoning administrator may request a landscaping plan or buffering plan, prepared by a registered landscape architect, architect, surveyor, or engineer to be submitted on a separate sheet);

    (16)  The estimated traffic count increase on adjacent streets resulting from the proposed development; a description of type and condition of roads serving the subdivision site; the total number of motor vehicles expected to use or be stationed in the subdivision; and a description of on and offsite parking to be supplied.

(e)  *Subdivision phasing description.* If the preliminary plat is to be divided into sections for the phasing of development, the preliminary boundaries and numbers of such sections shall be shown. In no case may any section contain less than ten percent of the proposed lots.

Copy from re:SearchGA

development to generate 100 or more p.m. peak hour trips. The traffic impact study shall follow procedures established by the most recent edition of the ITE transportation impact analysis for site development.

(Ord. of 5-22-08, § 4.3)

## Sec. 86-124. Construction site plan application and review procedure.

(a) *Application requirements.* It shall be the responsibility of the petitioner to prepare and have certified, by a registered professional engineer in the state, a complete set of construction site plans, including profiles, cross-sections, specifications, and other supporting data for all required public streets, utilities, and other facilities. The applicant shall file an application for construction plan approval and the specified number of copies with the department of transportation and development. This application shall:

(1) Be made on forms available at the department of transportation and development and be signed and notarized by the owner and developer;

(2) Be accompanied by the specified number of copies of the construction site plans meeting the requirements provided by the department of transportation and development; and

(3) Be accompanied by a fee in the amount established by the adopted fee schedule.

(b) *Processing standards.* No application shall be processed until the application is filled out correctly and all applicable attachments are presented to the director of transportation and development.

(c) *Technical review committee.* The director of transportation shall contact the zoning administrator to place the application for construction site plan approval on the agenda for the applicable meeting of the county technical review committee and distribute copies of the submittals to the committee members.

(1) The applicant shall be responsible for obtaining the necessary approvals of util-

ity providers, or other county, state, or federal agencies not represented on the technical review committee.

(2) In reviewing the application, the technical review committee shall consider whether or not the construction plans meet the requirements of this article and any other adopted and applicable construction standards or common engineering practices, and are consistent with the approved preliminary plat.

(3) The technical review committee shall make comments regarding the application and either approve, approve with modifications, table and recommend modifications, or deny the construction site plan approval request.

a. The technical review committee shall approve the construction site plans if they are consistent with the approved preliminary plat and all applicable provisions of this article, other applicable construction standards, and common engineering practices.

b. The technical review committee shall approve the construction site plans with modifications if minor modifications are required for the plans to be consistent with the approved preliminary plat and all applicable provisions of this article, other applicable construction standards, and common engineering practices. Minor modifications are those which can be adequately agreed upon by the technical review committee and the applicant at the technical review committee meeting and which do not impact other aspects of the subdivision's construction which would require subsequent review. The specified modifications shall be made by the petitioner and the specified number of construction site plan sets provided to the director of the department of transportation and develop-

CLAYTON COUNTY BOARD OF COMMISSIONERS

Regular Business Meeting                                    December 15, 2020
6:30 PM

A G E N D A

I.      CALL TO ORDER:

II.     ROLL CALL:

III.    INVOCATION AND PLEDGE OF ALLEGIANCE TO THE FLAG:.

IV.     ADOPTION OF THE AGENDA:

V.      PROCLAMATIONS & PRESENTATIONS:

        1.     Veteran of the Month

        2.     Presentation on Medical Examiner (Commissioner Franklin-Warner)

VI.     PUBLIC COMMENT:

        Citizens will be given a three (3)-minute maximum time limit to speak before the Board
        of Commissioners about various topics, issues, and concerns.  Following thirty minutes
        of hearing from the public, the Board of Commissioners will allow the remainder of
        citizens who have signed up to be heard at the next Tuesday business meeting.

VII.    CONSENT AGENDA

        1.     Approval of the December 1, 2020 Board Meeting Minutes.

        2.     **Monthly report of contracts, contract modifications, and/or change orders
               authorized by the Director of Central Services and/or the Chairman or Chief
               Operating Officer for November 2020**

               **Pursuant to Section 2-107 (d)** of the Clayton County Code of Ordinances,
               General Purchasing Methods.  Authority and Responsibility of the Director of
               the Department of Central Services.  Periodic Reporting to the Board of
               Commissioners.

        3.     **Recommendation for Award: ITB #20-112 Construction Materials Testing,
               Inspections and Soil Borings Annual Contract for Clayton County, Georgia.**

               **Multi-award: ESC Southeast, LLP, located in Atlanta Georgia; United
               Consulting Group, LTD, dba United Consulting, located in Norcross,
               Georgia; and NOVA Engineering and Environmental, LLC, located in
               Kennesaw, Georgia.** Funding is available through the 2009, 2015, 2021
               SPLOST Funds and Various Department General Funds. As requested by the
               Department of Building Maintenance. **Pursuant to Section 2-113** of the



Copy from re:SearchGA

Clayton County Code of Ordinances, General Purchasing Methods. **Competitive sealed bidding process.** Acquisitions greater than $74,999.99. Any commodity, good or service that is expected to cost in excess of $74,999.99 or is expected to generate revenue greater than $74,999.99 shall be acquired through the competitive sealed bid process except as otherwise provided in this Purchasing Code.

4.    **Recommendation for Renewal of the County's Property and Boiler & Machinery Policy for the Period of January 1, 2021 to January 1, 2022**

**Recommendation for Renewal of the County's Property and Boiler & Machinery Policy for the Period of January 1, 2021 to January 1, 2022.** Premium of $461,967.00 / Edgewood Partners Insurance Center (EPIC) Insurance Brokers and Consultants, utilizing Travelers Property and Casualty Insurance Company and Hudson Insurance Company. Funding is available through the County's General Fund FYE 2021.

5.    **Recommendation for Award: SWC #20-226 Voting System Products, Equipment and Programs for the Elections and Registrations Department.**

**$475,891.15 / Utilize Statewide Contract #47800-SOS0000037 with Dominion Voting Systems, Inc., located in Denver, Colorado.** Funding is available through the Center for Tech and Civic Life COVID-19 Response Grant and the USC Schwarzenegger Institute's Democracy Fund. As requested by the Department of Elections and Registration. **Pursuant to Section 2-120** of the Clayton County Code of Ordinances, General Purchasing Methods. **Governmental and affiliated entity purchase.** The county may purchase services and incidental commodities from other federal and state or local governments when determined to be in the best interest of the county. Documentation to substantiate this decision will be maintained by the department of central services. Such purchases where cost is in excess of $74,999.99 or is expected to generate revenue greater than $74,999.99 shall be approved by the board of commissioners.

6.    **Recommendation for Award: SWC #20-228 for the Purchase of two (2) 2021 Kenworth T270 Stock Trucks utilizing Statewide Contract for the Elections and Registration Department**

**$177,824.00 / Utilize Statewide Contract #99999-SPD-SPD0000155-0002 with MHC Kenworth-Atlanta, located in Mableton, Georgia.** Funding is available through the Center for Tech and Civic Life COVID-19 Response Grant Fund. As requested by the Department of Elections and Registration. **Pursuant to Section 2-120** of the Clayton County Code of Ordinances, General Purchasing Methods. **Governmental and affiliated entity purchase.**

Copy from re:SearchGA

The county may purchase services and incidental commodities from other federal and state or local governments when determined to be in the best interest of the county. Documentation to substantiate this decision will be maintained by the department of central services. Such purchases where cost is in excess of $74,999.99 or is expected to generate revenue greater than $74,999.99 shall be approved by the board of commissioners

7.    Human Resources Civil Service Administrative Assistant (Human Resources)

On behalf on Human Resources, the purpose of this request is to add the classification Civil Service Administrative Assistant Grade 16/Step 1 – Total Compensation $49,730 *(34,471)*. This is a budget neutral request. Funding is available in Human Resources' part-time budget.

The classification will provide administrative support to all aspects of the administration of the Civil Service System. The Civil Service Act created the personnel system of administration for Clayton County. The classification will also provide administrative support to the Human Resources Director and Human Resources Executive Assistant. The classification reports to the Human Resources Executive Assistant.

Currently, a part-time employee works with the Executive Assistant and Human Resources Director to administer the Civil Service System. This work includes preparing cases for hearings in regards to appeals and grievances. The work includes managing various requests that require Board action including, but not limited to probation extensions, requests to use sick leave reserve, annual leave donations, classification changes, etc. The incumbent must have a basic understanding of legal processes and procedures. Preparing cases to go before the Board involves a lot of preparation and moving parts; the work requires the ability to work with various stakeholders, including attorneys. Due to the nature of the work in this area, the incumbent must have excellent interpersonal skills. Currently, we have a case log of 82 cases that are pending to go before the Civil Service Board, and new cases are constantly be added.

This request has no budgetary impact. If approved, the part-time incumbent will become the full-time Civil Service Administrative Assistant, and the cost ($49,730) will be absorbed by Human Resources' part-time budget.

8.    Building Maintenance Director & Assistant Director Supplements

On behalf of the Office of the Chief Operating Officer, Human Resources is requesting a supplement of 10% of current salary for the Director of Building

Copy from re:SearchGA

Maintenance and Assistant Director of Building Maintenance classifications.

The supplement requested for the Director of Building Maintenance Classification is $10,276.05.

The supplement requested for the Assistant Director of Building Maintenance Classification is $8,860.94

Resolution 4925 was approved by the Clayton County Board of Commissioners on October 20, 2020.

Resolution 4925 created the Planning, Design, and Construction Division within Building Maintenance.  As a result 13 additional positions were created, and additional responsibilities, accountability, and tasks were assumed by Building Maintenance.

The Director of Buildings Maintenance will have overall oversight and responsibility of this new division, and the Assistant Director of Building Maintenance will have direct daily responsibility for all aspects of supervision of the division.

The budgetary impact of this request is $19,136.99.

No alternatives identified at this time.

9.    Budget Amendment 2-15 (Ramona Bivins) / FY21 DA Federal Equitable Sharing

To amend the budget from fund balance to cover the cost for other contract services for fiscal year 2021 in the amount of $14,400.

10.    Budget Amendment 2-17 (Ramona Bivins) / FY21 Police

To amend the budget to recognize donations received from Wal-Mart for the Shop with a Cop program in the amount of $2,000.

11.    Budget Amendment 4-9 (Ramona Bivins, CFO)

To appropriate funds for the final 2015 SPLOST Bond Principal and Interest payment and to transfer these funds to the Debt Service Fund.

Copy from re:SearchGA

12.    Permit Refund

The purpose of this request is to issue a refund of $727.75 to Donna Howard Providence Real Estate Consulting for a duplicate payment submitted.

13.    Accept the Street Light Petition addition to existing Street Light District Trinity Park.  The request is to install four (4) additional street lights.  (District 3 - Commissioner Felicia Franklin Warner)

14.    Resolution 2020-238- A resolution authorizing Clayton County to submit its amended PY2019 Annual Action Plan to the U.S. Department of Housing and Urban Development ("HUD") to accept funding under the third wave of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act); to authorize the Chairman to perform all acts necessary to accomplish the intent of this resolution; to authorize the Chief Financial Officer to amend the budget to reflect an appropriate revenue source and expense, as may be required; to provide an effective date of this resolution; and for other purposes.

*Synopsis: This resolution authorizes the submission of the County's PY2019HUD Action Plan Amendment to the US Department of Housing and Urban Development to accept funding under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). The County will receive $1,689,425 in the third round allocation in Community Development Block Grant Coronavirus (CDBG-CV3) funds to be used for individuals and families for rental/mortgage assistance who are impacted by COVID-19.*

15.    Resolution 220-239- A resolution authorizing Clayton County Senior Services Department to establish rental fees for the Flint River Black Box Theater; to authorize the Chairman to execute any documents relating thereto and to otherwise perform all acts necessary to accomplish the intent of this resolution; to authorize the Chief Financial Officer to amend the budget where necessary to reflect an appropriate revenue source and expense; to provide an effective date of this resolution; and for other purposes.

*Synopsis: This resolution authorizes Clayton County, on behalf of Clayton County Senior Services Department, to establish rental fees for the Flint River Black Box Theater. The rental fees shall be in accordance with the attached fee schedule.*

16.    Resolution 2020-240-A resolution authorizing Clayton County to adopt a policy to establish fees and charges for the use of facilities, equipment, and participation in programs by the Clayton County Senior Services Department; to authorize the Chairman to execute any documents relating thereto and to otherwise perform all acts necessary to accomplish the intent of this resolution; to provide an effective date of this resolution; and for other purposes.

Copy from re:SearchGA

*Synopsis: This resolution authorizes Clayton County, on behalf of Clayton County Senior Services Department, to adopt the attached policy to provide a framework to establish a set of fees and charges for the use of facilities, equipment, and the participation in programs sponsored by the Clayton County Senior Services Department.*

17.   Resolution 2020-241- A resolution authorizing the clayton county to enter into an agreement with Tivity Health to offer the Silver Sneakers program within Senior Centers and Flint River Community Center;  to authorize the Chairman to execute any documents and to otherwise perform all acts necessary to accomplish the intent of this resolution; to authorize the Chief Financial Officer to amend the budget where necessary to reflect an appropriate revenue source and expense; to provide an effective date of this resolution; and for other purposes. (Senior Services)

*Synopsis: This resolution authorizes the Clayton County Senior Services Department, wishes to enter into an agreement with Tivity Health to offer the Silver Sneakers program.*

18.   Resolution 2020-242- A resolution to authorize Clayton County to accept a vehicle seized for forfeiture by the Clayton County Sheriff's Office; to authorize the vehicle for County usage and assign the vehicle to the Clayton County Sheriff's Office; to authorize the Chairman, Central Services, Fleet Maintenance and the Chief Financial Officer to take all actions necessary to achieve the intent of this resolution; to provide an effective date of this resolution; and for other purposes. (Sheriff)

*Synopsis: This resolution authorizes Clayton County to accept title to a 2005 Gray Chevy Trailblazer, VIN 1GNDDS13S352321774 seized and to assign said vehicle to the Clayton County Sheriff's Office for the purpose of enhancing law enforcement.*

19.   Resolution 2020-243- A resolution authorizing Clayton County to apply for and accept the fiscal year 2021 Local Maintenance and Improvement Grant from the Georgia Department of Transportation; to authorize the Chairman to execute any documents relating thereto and to otherwise perform all acts necessary to accomplish the intent of this resolution; to authorize the Chief Financial Officer to amend the budget where necessary to reflect an appropriate revenue source and expense; to provide an effective date of this resolution; and for other purposes. (Transportation & Development)

*Synopsis: This resolution authorizes Clayton County, on behalf of Clayton County Transportation and Development Department, to apply for and accept the fiscal year 2021 Local Maintenance and Improvement Grant from Georgia Department of*

Copy from re:SearchGA

*Transportation. The 2021 fiscal year grant is valued at $2,077,059.15 with a required 30% County match of $623,117.75, making the total minimal project value $2,700,176.90.*

20.     Resolution 2020-244-A Resolution authorizing Clayton County to enter into an amended agreement with the Georgia Bureau of Investigation providing for the terms and conditions under which medical examiner services are rendered to Clayton County in the absence of a coroner; to authorize the Chairman to execute agreement, and otherwise to perform all acts necessary to accomplish the intent of the resolution; to provide an effective date of this resolution; and for other purposes.

*Synopsis: This resolution authorizes Clayton County to enter into an amended Agreement with the Georgia Bureau of Investigation providing for medical examiner services to Clayton County in the absence of the Clayton County Coroner.*

21.     Resolution 2020-245-A resolution extending a moratorium on the acceptance of applications relating to the establishment or expansion of small box discount stores; to define small box discount stores; to set an expiration date; and for other purposes. ( Community Development)

*Synopsis: This resolution shall extend a moratorium on the acceptance of applications relating to the establishment or expansion of small box discount stores to expire on January 31, 2021 at 11:59 p.m.*

22.     Resolution 2020-246-Resolution 2020-246-A resolution authorizing Clayton County to enter into a lease agreement with the Chamber of Commerce of Clayton County, Georgia, Inc. for the lease of office space located within 2270 and 2272 Mount Zion Road, Jonesboro, Georgia, for use by the Clayton County Economic Development Department; to authorize the Chairman to execute the agreement and to otherwise perform all other acts necessary to accomplish the intent of this resolution; to authorize the Chief Financial Officer to amend the budget where necessary to reflect an appropriate revenue source and expense all as may be required under the terms of the agreement; to provide an effective date of this resolution; and for other purposes. (Economic Development)

*Synopsis: This resolution authorizes Clayton County to enter into a Lease Agreement with the Chamber of Commerce of Clayton County, Georgia, Inc. for lease of office space within 2270 and 2272 Mount Zion Road, Jonesboro, Georgia, for use by the Clayton County Economic Development Department.*

Copy from re:SearchGA

23.     Resolution 2020-247-A resolution authorizing Clayton County to accept a $2,000
        donation from Wal-Mart for the Clayton County Police Department; to authorize
        the Chairman to accept the donation on behalf of Clayton County and to
        otherwise perform all acts necessary to accomplish the intent of this resolution; to
        provide an effective date of this resolution; and for other purposes.

        *Synopsis: This resolution A resolution authorizing Clayton County to accept a
        $2,000 donation from Wal-Mart for the Clayton County Police Department.*

END OF CONSENT AGENDA

24.     Board Appointment- Tourism Authority (At-Large)

        Tonya Clarke term on the Tourism Authority Board will expire 12/31/2020. The
        new term will begin 12/31/2020 and will expire 12/31/2024. This is an At-Large
        appointment.

25.     Board Appointment- Zoning Advisory ( Commissioner Franklin-Warner)

        Mr. Hershel Trawick resigned from the Zoning Advisory Group as of December
        31, 2020. The new appointment will fill his unexpired term.. The new term will
        begin December 31, 2020 and will expire August 19, 2021.

        (Commissioner Franklin-Warner)

26.     BOC-2009-0062 (CUP) To allow for Automotive Repair Center

        **BOC-2009-0062 (CONDITIONAL USE PERMIT)**

        The applicant Olutayo Olokode is requesting a Conditional Use Permit for
        Automotive Repair Center within an existing convenience/gas service station
        (Exonn) on property located at 6539 Highway 42, Rex, Georgia 30252. The
        property on 4.43 acres +/- is further known as Parcel 12120D A005 zoned GB-
        General Business District (Article 3, Section 3.21).

        **Commissioner District # 1 – Sonna Singleton Gregory**

        **Planning & Zoning Recommended: Approval Conditional**

        **ZAG Recommended: Approval Conditional**

    1.  **The use of the property shall be limited to a one-bay auto service center in
        Suite #9. No outdoor storage of tires, equipment or service repair may be
        conducted outside of service bay.**

    2.  **The CUP will be issued to Olutayo Olokode only. Any change in**

Page 8

Copy from re:SearchGA

ownership will require a new CUP.

27.    BOC-2010-0064(CUP) To allow a Food Pantry & Clothing Donation Center

**BOC-2010-0064** - The applicant Dianne Collins on behalf of Faith Walk Ministries, Inc. is requesting a Conditional Use Permit for a property located at 6109 Riverdale Road, Atlanta, Georgia 30349; further known as parcel number 13120A A001 (0.89 +/- acres). The property is currently zoned GB - General Business District (Article 3, Section 3.21) and the requested use is for a Food Pantry and Clothing Donation Center within an existing church facility.

**Commissioner District 2 – Gail B. Hambrick.**

**Planning & Zoning Recommended:  Approval-Conditional**

**ZAG Recommended:  Approval-Conditional**

1. **The proposed Community food and clothing pantry center may not expand beyond the existing 4,744 square feet building. Any expansions beyond 4,744 square feet will require a new Conditional Use Permit.**

2. **All volunteer / employee parking spaces must be paved and striped.**

3. **Provide a three (3) sided enclosed dumpster area with compatible architectural materials of the main building.**

28.    BOC-2010-0065(CUP) To allow expansion of existing dealership

**BOC-2010-0065 (CONDITIONAL USE PERMIT)**

The applicant Cirara Vogan on behalf of Hennessey-Southlake is requesting a Conditional Use Permit for a property located at 7261 Jonesboro Road, Morrow, Georgia 30260; further known as parcel number(s) 12080A A005 and 12080A A007 (13 +/- acres combined). The property is currently zoned GB - General Business District (Article 3, Section 3.21) and the requested use is for an Automobile Dealership Expansion of the existing Hennessey-Southlake Mazda dealership.

**Commissioner District 4 – DeMont Davis**

**Planning & Zoning Recommended:  Approval-Conditional**

**ZAG Recommended:  Approval-Conditional**

1. **The applicant must submit and be approved for a lot combination of**

Copy from re:SearchGA

**adjacent parcel prior to obtaining a building permit.**

**2. The subject property be allowed a Conditional Use Permit for the operation of auto sales on 8.90 acres consistent with the site plan dated July 8, 2020.**

29.   BOC-2003-0045 (Rezoning) Request to rezone RS-180 to PUD (Community Development)

**BOC-2003-0045 (Rezoning)** – The applicant Battle Law, P.C., on the behalf of Blackstone Investment CO. is requesting to rezone 25.17+/- acres of land from RS-180 Single Family Residential District (Article 3, Section 3.6) to PUD – Planned Unit Development (Article 7) for a proposed new 100- unit single-family attached townhome community (The Townes at Flat Shoals). The subject property is located at 1821 Creel Drive with a road frontage along the north side of Creel Drive near its intersection with West Fayetteville Road (13123B A005), just east of the Castlegate Subdivision and Flat Shoals Park.

**Commissioner District 2 – Gail B. Hambrick**

**Planning & Zoning Recommended:  APPROVAL-CONDITIONAL.**

**ZAG Recommended:  Approval with the following conditions:**

1.   The proposed development shall be conditioned to the site plan dated "06-17-2020", titled "Conceptual/Sketch Plat", presented to ZAG 09-03-2020 and BOC 11-17-2020.

2.   There shall be fencing provided along the east property line and to screen last townhome lots.

3.   There shall be no more than 100 units.

4.   No more than 10% shall be rental units.

5.   Maintain the natural greenspace and the flood plain to the north in its natural state and perpetuity.

6.   Provide land area for future walking trail connecting the natural greenspace area to Flat Shoals Park.

30.   LS-2006-0009 (Preliminary Plat) requesting a new 121-unit single-family attached townhome community (Community Development)

**LS-2006-0009 (Preliminary Plat)** – The applicant Battle Law, P.C., on the behalf of Blackstone Investment CO. is requesting a new 100-unit single-family

Copy from re:SearchGA

attached townhome community (The Townes at Flat Shoals) on 25.17+/- acres of land currently zoned RS-180 Single Family Residential District (Article 3, Section 3.6). This request is in companion to **REZONING (BOC-2003-0045)** for PUD – Planned Unit Development. The subject property is located at 1821 Creel Drive (PID: 13123B A005) and is adjacent east of the Castlegate Subdivision and near Flat Shoals Park.

**Commissioner District 2 – Gail B. Hambrick**

**Planning & Zoning Recommended:   APPROVAL-CONDITIONAL.**

**ZAG Recommended:   APPROVAL with the following conditions:**

1. The proposed development shall be conditioned to the site plan dated "08-17-2020", titled "Conceptual/Sketch Plat" and presented to ZAG on 09-03-2020 and BOC 11-20-20.

2. There shall be fencing provided on the east property line for the length along townhome lots up  to the flood plain area.

3. Not more than 10% of the townhome units shall be rental units.

4. There shall be no more than 100 townhome units.

5. Maintain the natural greenspace and the flood plain area to the north of town homes in its natural state in perpetuity as shown on site plan.

6. Provide land area for future walking trail connecting the natural greenspace area to Flat Shoals Park.

31. LS-2008-0014-Village of Ellenwood Ph 3 - 42 single-family lots(Community Development)

**LS-2008-0014 (PRELIMINARY PLAT) - Tabled October 5th**

The applicant Sunrise Builder Inc. is requesting to subdivide property located near the fork of Village Wood Lane and Village Park Drive (Village of Ellenwood Subdivision); further known as parcel numbers 12247C A005 and 1234A B001 (14.9 +/- acres combined) currently zoned PUD – Planned Unit Development (Article 7) for a proposed 42 single-family lot subdivision (Villages of Ellenwood – Village Creek).

**Commissioner District # 1 – Sonna Singleton Gregory**

**Planning & Zoning Recommends:  Approval with six (6) conditions.**

Copy from re:SearchGA

**ZAG Recommends:  Denial**

## EXECUTIVE SESSION

Consider any action (s) necessary based on decision (s) made in the Executive Session

Copy from re:SearchGA



MICHÈLE L. BATTLE, ESQ.
President
mlb@battlelawpc.com

Commercial Real Estate & Zoning
www.battlelawpc.com

December 15, 2020

VIA EMAIL

Clayton County Board of Commissioners
112 Smith Street.
Jonesboro, GA 30236

   Re: LS-2008-0014 (PRELIMINARY PLAT)

Dear Commissioners,

  On behalf of my client, Sunrise Builders, I am hereby providing you with the attached Notice of Preservation of Constitutional Allegations Regarding Preliminary Plat Approval regarding the above referenced Preliminary Plat Application LS-2008-0014.

  Sunrise Builders is seeking the approval of a Preliminary Plat for the development of 42 single family detached homes in Phase 9 of the Villages of Ellenwood, which was rezoned from AG to PUD by the Board of Commissioners in 2008 for the development of 47 single-family detached homes with a minimum of 60ft of frontage. The Technical Review Committee and the Planning Staff have review and recommended approval of the submitted Preliminary Plat. Due to opposition from the community, the Zoning Advisory Group, is recommending denial of the Preliminary Plat. It is the Applicant's contention that based up on the Clayton County, Ga. Code § 86-122(e)(1)(a): "The zoning advisory group shall approve the preliminary plat if it is found to be completely consistent with the decision criteria provided by this section." The following is the decision criteria set forth in Clayton County, Ga. Code § 86-122(f)(1-4) for the approval of Preliminary Plats:

   **In reviewing applications for preliminary plat approval, the zoning advisory group shall consider the following criteria:**

    **1. the degree to which the proposed preliminary plat is consistent with the provisions of the County's Comprehensive Plan;**

    **2. the degree to which the proposed preliminary plat is consistent with the requirements of article 86-122.**

    **3. The degree to which the proposed preliminary plat is consistent with the intend and standards of the zoning district in which it is located; and**

    **4. the degree to which the preliminary plat is consistent with all adopted construction standards for public improvements in the County, and standard engineering practices.**

The decision criteria set forth above is an objective criterion, not a subjective criterion. Meaning that if the above referenced criteria is met, the Preliminary Plat must be approved, regardless of any objections by the community to the architectural features, unit size, or proposed density of the project. The submission criteria for Preliminary

**EXHIBIT**

tabbies

D



December 15, 2020
Page 2

Plat Applications DOES NOT require the submission of any exterior or interior elevations, building façade materials, marketing materials, anticipate list price, or any other information pertaining to the style, sales price, or square footage of homes to be built within the subdivision. Those items are governed by the four corners of the Zoning Ordinance, including all architectural design criteria set forth therein. The denial of a Preliminary Plat due to a failure to provide this type of information, or imposing conditions on Preliminary Plat approval based upon documentation that is not required to be submitted under Article 86-123, is a clear violation of the Applicant's procedural rights. Additionally, the denial of the Preliminary Plat based solely upon the objections of members of the surrounding community would be an unlawful delegation of authority in violation of Article IX, Section II, Paragraph IV of the Georgia Constitution.

Therefore, based upon the foregoing, as well as the recommendation of approval by the Clayton County Technical Review Committee, as well as the Planning and Zoning Department, I am hereby requesting the approval of LS-2008-014, subject to the conditions recommended by the Planning and Zoning Department.

Sincerely,

Michèle L Battle

cc:    Charles Reed, Chief Staff Attorney
       Patrick Ejike, Director of Community Development
       Madolyn Spann, Zoning Administrator

Copy from re:SearchGA

NOTICE OF PRESERVATION OF CONSTITUTIONAL ALLEGATIONS

REGARDING PRELIMINARY PLAT APPROVAL

The portions of the Clayton County Zoning Ordinance, facially and as applied to the Subject Property, which restrict or classify or may restrict or classify the Subject Property so as to prohibit its development as proposed by the Applicant are or would be unconstitutional in that they would destroy the Applicant's property rights without first paying fair, adequate and just compensation for such rights, in violation of the Fifth Amendment and Fourteenth Amendment of the Constitution of the United States and Article I, Section I, Paragraph I of the Constitution of the State of Georgia of 1983, Article I, Section III, Paragraph I of the Constitution of the State of Georgia of 1983, and would be in violation of the Commerce Clause, Article I, Section 8, Clause 3 of the Constitution of the United States.

The application of the Clayton County Zoning Ordinance to the Subject Property which restricts its use to any classification other than that proposed by the Applicant is unconstitutional, illegal, null and void, constituting a taking of Applicant's Property in violation of the Just Compensation Clause of the Fifth Amendment to the Constitution of the United States, Article I, Section I, Paragraph I, and Article I, Section III, Paragraph I of the Constitution of the State of Georgia of 1983, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the Constitution of the United States denying the Applicant an economically viable use of its land while not substantially advancing legitimate state interests.

A denial of this Application would constitute an arbitrary irrational abuse of discretion and unreasonable use of the zoning power because they bear no substantial relationship to the public health, safety, morality or general welfare of the public and substantially harm the Applicant in violation of the due process and equal protection rights guaranteed by the Fifth Amendment and Fourteenth Amendment of the Constitution of the United States, and Article I, Section I, Paragraph I and Article I, Section III, Paragraph 1 of the Constitution of the State of Georgia.

A refusal by the Clayton County Board of Commissioners to approve the submitted preliminary plat for the Subject Property as requested by the Applicant would be unconstitutional and discriminate in an arbitrary, capricious and unreasonable manner between the Applicant and owners of similarly situated property in violation of Article I, Section I, Paragraph II of the Constitution of the State of Georgia of 1983 and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Any rezoning of the Property subject to conditions which are different from the conditions requested by the Applicant, to the extent such different conditions would have the effect of further restricting Applicant's utilization of the property, would also constitute an arbitrary, capricious and discriminatory act in zoning the Subject Property to an unconstitutional classification and would likewise violate each of the provisions of the State and Federal Constitutions set forth hereinabove.

A refusal to approve the submitted preliminary plat would be unjustified from a fact-based standpoint and instead would result only from constituent opposition, which would be an unlawful delegation of authority in violation of Article IX, Section II, Paragraph IV of the Georgia Constitution.

Copy from re:SearchGA

Sec. 86-123. - Specifications for preliminary plat documents to be submitted.

The proposed preliminary plat shall be prepared by a land surveyor or professional engineer and certified by a land surveyor registered by the state. It shall be designed on state plane coordinates, drawn at a scale of 100 feet to one inch on sheets not exceeding 24 inches by 36 inches in area. The proposed preliminary plat shall include:

(a)  *Property name:*

    (1)  The name of the subdivision if the subject property is within an existing subdivision; or

    (2)  A proposed name if not within a previously platted subdivision. The proposed name shall not duplicate the name of any subdivision plat previously recorded nor for which preliminary plat approval is still in effect.

(b)  *Property ownership:*

    (1)  The name and address, including telephone number, of the legal owner, the developer of the property or his/her agent, and citation of last instrument conveying titles to each parcel of property to the developer involved in the proposed subdivision, giving grantor, grantee, date, and land records reference;

    (2)  Citations of any existing covenants on the property;

    (3)  The name and address, including telephone number, of the professional person(s) responsible for the subdivision design, for the design of the public improvements, and for surveys.

(c)  *Property description:*

    (1)  A dimensioned drawing of the parcel of land which is being subdivided, including any remaining tract;

    (2)  Subdivision boundary lines showing dimensions, bearings, and references to map number, land lot, district, parcel, and county.

(d)  *Development description:*

    (1)  A legend and notes, including a graphic scale, north point, and date;

    (2)  The approximate location of existing or proposed septic systems including termination point and outlet of all perimeter drain systems and/or the municipal sanitary sewer system;

    (3)  The approximate location of any existing or proposed wells and/or the municipal water system;

    (4)  Preliminary plat approval certificate for signing by the zoning advisory group chairman and/or vice chairman;

    (5)  Lot numbers, including the location of monuments and the area for each lot (listed in square footage and acres), and the buildable areas of each lot per applicable zoning district setback requirements and any other regulatory or natural limitations;

    (6)  All existing and proposed easements including the location, width, and purpose of each easement;

    (7)  All existing and proposed streets and rights-of-way on and adjoining the site of the proposed subdivision showing the proposed names, roadway widths, approximate gradients, types and widths of pavements, curbs, and sidewalks;

    (8)  Any parcels of land proposed to be dedicated or reserved for common areas, schools, parks, playgrounds, or other public, semi-public, or community purposes;

    (9)  The location, size, and invert elevation of utilities existing and proposed adjacent to and on the site, including storm and sanitary sewers; water mains; electrical, telephone, and

Copy from re:SearchGA

cable television lines; street lights; fire hydrants; and such other utilities as may be appropriate;

(10)   The location(s) of any existing structure(s) on the site and a description of its future demolition or incorporation into the proposed subdivision;

(11)   The location and results of tests, as required by any county, state, or federal government agencies made to ascertain subsurface soil, rock, and groundwater conditions;

(12)   All proposed sidewalks or pedestrian trials;

(13)   All locations of existing and proposed street lights and street signs;

(14)   A statement of the expected demand of the subdivision for capacity at the applicable waste water treatment facility;

(15)   All proposed landscaping, signage, development entrance features, screening, and attempts at preserving natural terrain and open space. (The zoning advisory group, technical review committee, or zoning administrator may request a landscaping plan or buffering plan, prepared by a registered landscape architect, architect, surveyor, or engineer to be submitted on a separate sheet);

(16)   The estimated traffic count increase on adjacent streets resulting from the proposed development; a description of type and condition of roads serving the subdivision site; the total number of motor vehicles expected to use or be stationed in the subdivision; and a description of on and offsite parking to be supplied.

(e)   *Subdivision phasing description.* If the preliminary plat is to be divided into sections for the phasing of development, the preliminary boundaries and numbers of such sections shall be shown. In no case may any section contain less than ten percent of the proposed lots.

(f)   *Subdivision covenants.* Any protective covenants applicable to the subdivision shall be prepared by the petitioner and be legally sound. Covenants shall be incorporated in the plat and subject to the approval and enforcement of the board of commissioners. At a minimum, covenants shall provide a means for the maintenance and upkeep of drainage swales and other drainage facilities and any common areas or entry features.

(g)   *Contiguous holding description.* Whenever the preliminary plat covers only a part of a petitioner's contiguous holdings, the petitioner shall submit, at the scale of no more than one inch equals 200 feet, a sketch of the entire holding, including the proposed subdivision area, showing an indication of the probable future street and drainage systems, for the remaining portion of the tract.

(h)   *Soils description.* On a separate sheet, a soils map shall be provided showing soil boundaries and their identification, the existing and proposed street pattern, any mineral resource areas, and 100-year flood plains.

(i)   *Drainage plan and report.* The subdivider shall provide a drainage report describing the existing and proposed drainage conditions and evaluating the ability of the proposed water courses, channels, drainage tiles, farm tiles, storm sewers, culverts, and other improvements to accommodate the additional runoff generated by the proposed subdivision.

(1)   *Drainage report.* A registered professional engineer shall prepare the report, which shall include:

a.   The conditions of the watershed which may affect runoff, such as subsoil type, positive drainage, and obstructions.

b.   The location of all subsurface known drainage tiles and a plan to preserve or relocate the tiles.

c.   Estimates of the water entering the subdivision (computations for major drainage-ways shall assume that the upper watershed has been developed according to current growth estimates).

Copy from re:SearchGA

      d.   A description of minor and major drainage systems. The minor drainage system shall consist of storm sewers, drainage ditches, grassed swales, and storm inlets or infiltration structures. The major system shall consist of roadways, culverts, bridges, and drainage flow-ways.

  (2)  *Watershed map.* On a separate sheet, a watershed map complementing the drainage report using USGS contour information shall be provided, showing:

      a.   The delineation of the drainage area in which the subdivision is located;

      b.   The location of drainage courses and the existing direction of surface water flow within the drainage area.

  (3)  *Drainage plan description.* On a separate sheet, a description of drainage/topography/natural environment complementing the drainage report shall be provided which includes the following information:

      a.   The location of natural streams, regulated drains, 100-year flood plains and floodways.

      b.   The location of any existing or proposed subsurface drain tile, structures, culverts, or swales.

      c.   A map noting significant physical and topographical features of the tract. This map shall also show the proposed direction of the flow of surface water runoff from the site.

      d.   A preliminary drainage plan showing the proposed storm water drainage system to an improved outlet. The plan shall include surface drainage system, storm sewer systems, subsurface drainage systems, and storm water detention facilities. Arrows designating the general drainage of all streets and lots shall be included.

  (4)  *Residential drainage plan.* Certain residential lots, which have the possibility of creating drainage problems, may be designated as needing an individual residential drainage plan. Such lots shall be marked "RDP." Prior to issuance of a building permit, the applicant shall submit plans showing the intended building location; driveway location; other impervious surfaces; grading plan; ditches, swales and other drainage features; and related drainage features, so that the impact of the individual lot on the drainage of the subdivision can be reviewed. The staff must approve the RDP prior to a permit being issued, and the home must be built and the lot graded in compliance with the plan.

(j)  *Vicinity description.* On a separate sheet a vicinity map must be submitted that includes the following information:

  (1)  Location of the proposed subdivision within the county.

  (2)  Existing subdivisions and lots adjacent to or within 400 feet of the proposed subdivision. The owners of each of these tracts shall be identified on the drawing with the date and book and page (or instrument number) of the last conveyance of ownership.

  (3)  Existing schools, parks, playgrounds, or other similar public facilities that will serve the proposed subdivision.

  (4)  Location and size of all utilities adjacent to or within 400 feet of the subdivision site, including sanitary and storm sewers, gas lines, electric lines, telephone lines, water mains, fire hydrants, and cable television lines.

  (5)  All public thoroughfares/rights-of-way adjacent to or within 400 feet of the site.

  (6)  Existing streets and rights-of-way on and adjoining the site of the proposed subdivision showing the names, roadway widths, approximate gradients, surface types, and widths of pavements and curbs.

  (7)  Existing zoning of the tract and all contiguous tracts surrounding the proposed subdivision.

      (8)    All section and municipal corporate boundaries lying within or contiguous to the tract.

(k)    *Engineering feasibility report.* A feasibility report prepared by a registered professional engineer covering sewage, water, and drainage facilities for the subdivision shall be provided which includes, but is not limited to, the following:

    (1)    *Utility systems.* A description of the feasibility of connecting to existing storm and sanitary sewers and water supply. This portion of the report shall include the distance from the nearest public sewer and the capacity of the existing system intended to handle the additional waste load and any additional requirements of the county water authority.

    (2)    *Street construction.* A preliminary report on the types of street construction based on the specifications provided by this article and any additional requirements of the department of transportation and development.

    (3)    *Traffic study.* A traffic impact study shall be submitted for residential developments with more than 120 dwelling units and for any commercial development deemed likely by the department of transportation and development to generate 100 or more p.m. peak hour trips. The traffic impact study shall follow procedures established by the most recent edition of the ITE transportation impact analysis for site development.

(Ord. of 5-22-08, § 4.3)

Copy from re:SearchGA

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of Clayton _____ County

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** 01/14/2021 MM-DD-YYYY | **Case Number** | 2021CV00165-10 |

**Plaintiff(s)**
Sunrise Builders, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Clayton County, Georgia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | Clayton County Board of Commissioners | | | |
| Last Turner, Jeffrey E. | First | Middle I. | Suffix | Prefix |
| Last See attached | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Andrew J. (Andy) Welch, III          **Bar Number** 746801          Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☑ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                    Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Copy from re:SearchGA

Case Filing Information Form

Defendants, continued:

Gregory, Sonna Singleton

Hambick, Gail

Franklin, Felicia

Davis, Demont

Clayton County Zoning Advisory Group

Turner, Herman

Whittaker, Addie

Lewis, Kevin

Parker, Keith

Goodson, Arnold

Trawick, Hershel

Holloway, Carlton

Copy from re:SearchGA

2021CV00165-10
CLAYTON COUNTY, GA
1/14/2021 5:01 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SUNRISE BUILDERS, INC., | \| | |
| | \| | |
| Plaintiff/Petitioner, | \| | |
| | \| | |
| v. | \| | CIVIL ACTION |
| | \| | FILE NO. ___2021CV00165-10___ |
| CLAYTON COUNTY, GEORGIA; | \| | |
| CLAYTON COUNTY BOARD OF | \| | |
| COMMISSIONERS; JEFFREY E. TURNER, | \| | |
| SONNA SINGLETON GREGORY, | \| | |
| GAIL HAMBRICK, FELICIA FRANKLIN, | \| | |
| and DEMONT DAVIS, in their individual and | \| | |
| official capacities; CLAYTON COUNTY | \| | |
| ZONING ADVISORY GROUP; and | \| | |
| HERMAN TURNER, ADDIE WHITTAKER, | \| | |
| KEVIN LEWIS, KEITH PARKER, ARNOLD | \| | |
| GOODSON, HERSHEL TRAWICK, and | \| | |
| CARLTON HOLLOWAY, in their individual | \| | |
| and official capacities, | \| | |
| | \| | |
| Defendants, | \| | |
| | \| | |
| and | \| | |
| | \| | |
| CLAYTON COUNTY, GEORGIA; | \| | |
| CLAYTON COUNTY BOARD OF | \| | |
| COMMISSIONERS; JEFFREY E. TURNER, | \| | |
| SONNA SINGLETON GREGORY, | \| | |
| GAIL HAMBRICK, FELICIA FRANKLIN, | \| | |
| and DEMONT DAVIS, in their individual and | \| | |
| official capacities; CLAYTON COUNTY | \| | |
| ZONING ADVISORY GROUP; and | \| | |
| HERMAN TURNER, ADDIE WHITTAKER, | \| | |
| KEVIN LEWIS, KEITH PARKER, ARNOLD | \| | |
| GOODSON, HERSHEL TRAWICK, and | \| | |
| CARLTON HOLLOWAY, in their individual | \| | |
| and official capacities, | \| | |
| | \| | |
| Respondents. | \| | |

{Doc: 02637102.DOCX}1

Copy from re:SearchGA

## NOTICE OF FILING CERTIFICATE OF PAYMENT OF COSTS

Pursuant to O.C.G.A. §§ 5-4-5(a) and 5-4-10, Plaintiffs and Petitioners Sunrise Builders,

Inc., give notice of their filing, this day, of the original *Certificate of Payment of Costs* given by

Clayton County, Georgia, a true and correct copy of which is attached hereto as Exhibit "A".

This 13th day of January, 2021.

Andrew J. (Andy) Welch, III
Georgia Bar No. 746801
Warren M. Tillery
Georgia Bar No. 763972
M. Chase Collum
Georgia Bar No. 991516
Attorneys for Plaintiffs and Petitioners

SMITH, WELCH, WEBB & WHITE, LLC.
2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Telephone: (770) 957-3937
Facsimile: (770) 957-9165
E-mail: awelch@smithwelchlaw.com
E-mail: wtillery@smithwelchlaw.com
E-mail: ccollum@smithwelchlaw.com

{Doc: 02637102.DOCX}2

Copy from re:SearchGA

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

SUNRISE BUILDERS, INC.,

    Plaintiff/Petitioner,

v.

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

    Defendants,

and

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

    Respondents.

CIVIL ACTION
FILE NO. _____

{Doc: 02637078.DOCX}1



EXHIBIT

A

COUNTY OF CLAYTON
STATE OF GEORGIA

## CERTIFICATE OF PAYMENT OF COSTS

I, Patrick Ejike, Director of the Clayton County Community Development Department,

hereby certify that no fees or costs were incurred or accrued in connection with Application

Number LS-2008-0014, that have not already been paid, and no costs are now due. This certificate

is intended to satisfy the requirements of O.C.G.A. § 5-4-5.

This 13 day of January, 2021.

Patrick Eijke, Director
Clayton County Community Development
Department

{Doc: 02637078.DOCX}2

Copy from re:SearchGA

CLAYTON COUNTY, GA
1/14/2021 5:01 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SUNRISE BUILDERS, INC., | \| | |
| | \| | |
| Plaintiff/Petitioner, | \| | |
| | \| | |
| v. | \| | CIVIL ACTION 2021CV00165-10 |
| | \| | FILE NO. _____ |
| CLAYTON COUNTY, GEORGIA; | \| | |
| CLAYTON COUNTY BOARD OF | \| | |
| COMMISSIONERS; JEFFREY E. TURNER, | \| | |
| SONNA SINGLETON GREGORY, | \| | |
| GAIL HAMBRICK, FELICIA FRANKLIN, | \| | |
| and DEMONT DAVIS, in their individual and | \| | |
| official capacities; CLAYTON COUNTY | \| | |
| ZONING ADVISORY GROUP; and | \| | |
| HERMAN TURNER, ADDIE WHITTAKER, | \| | |
| KEVIN LEWIS, KEITH PARKER, ARNOLD | \| | |
| GOODSON, HERSHEL TRAWICK, and | \| | |
| CARLTON HOLLOWAY, in their individual | \| | |
| and official capacities, | \| | |
| | \| | |
| Defendants, | \| | |
| | \| | |
| and | \| | |
| | \| | |
| CLAYTON COUNTY, GEORGIA; | \| | |
| CLAYTON COUNTY BOARD OF | \| | |
| COMMISSIONERS; JEFFREY E. TURNER, | \| | |
| SONNA SINGLETON GREGORY, | \| | |
| GAIL HAMBRICK, FELICIA FRANKLIN, | \| | |
| and DEMONT DAVIS, in their individual and | \| | |
| official capacities; CLAYTON COUNTY | \| | |
| ZONING ADVISORY GROUP; and | \| | |
| HERMAN TURNER, ADDIE WHITTAKER, | \| | |
| KEVIN LEWIS, KEITH PARKER, ARNOLD | \| | |
| GOODSON, HERSHEL TRAWICK, and | \| | |
| CARLTON HOLLOWAY, in their individual | \| | |
| and official capacities, | \| | |
| | \| | |
| Respondents. | \| | |

{Doc: 02640420.DOCX}1

Copy from re:SearchGA

## NOTICE OF FILING CERTIORARI BOND

COMES NOW, Petitioner and Plaintiff Sunrise Builders, Inc., and hereby files with the

Court the following documents: Certiorari Bond, attached hereto.

Respectfully submitted this $\frac{14^{th}}{}$ day of January 2021.

Andrew J. (Andy) Welch, III
Georgia Bar No. 746801
Warren M. Tillery
Georgia Bar No. 763972
M. Chase Collum
Georgia Bar No. 991516
Attorneys for Plaintiff and Petitioner

SMITH, WELCH, WEBB & WHITE, LLC.
2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Telephone: (770) 957-3937
Facsimile: (770) 957-9165
E-mail: awelch@smithwelchlaw.com
E-mail: wtillery@smithwelchlaw.com
E-mail: ccollum@smithwelchlaw.com

Copy from re:SearchGA

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

SUNRISE BUILDERS, INC.,

     Plaintiff/Petitioner,

v.

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

     Defendants,

and

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

     Respondents.

CIVIL ACTION
FILE NO. 2021CV00165-10

{Doc: 02637261.DOCX}

Copy from re:SearchGA

## CERTIORARI BOND

KNOW ALL PERSONS AND PARTIES BY THESE PRESENTS that Sunrise Builders, Inc., as principal, and SMITH, WELCH, WEBB & WHITE, LLC., as surety, are held and bound to pay the adverse party in this case the sums sought as an award to be recovered thereby (if any), together with all future costs in this case. The condition of this obligation is such that said principal is Plaintiff and Petitioner in filing a *Petition for Writ of Certiorari, Appeal, and Verified Complaint* in the Superior Court of Clayton County, Georgia, as styled and captioned above, resulting from the decision of the Clayton County Planning and Zoning Board in Application Number LS-2008-0014, from which the principal is dissatisfied. Now, therefore, should said principal promptly pay all and any way or future costs in said matter as may be required by law, then this *Certiorari Bond* shall be void and of no further force or effect as to the surety; otherwise, in full force and effect.

Witness the hand and sea of each party this __12__ day of January, 2021.

SUNRISE BUILDERS, INC.                                SMITH, WELCH, WEBB & WHITE, LLC.

BY: Mahmoud Amercani                                  Andrew J. "Andy" Welch, III
TITLE: CEO                                            Title: Manager

{Doc: 02637261.DOCX}

Copy from re:SearchGA

2021CV00165-10
CLAYTON COUNTY, GA
1/14/2021 5:01 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SUNRISE BUILDERS, INC., | \| | |
| Plaintiff/Petitioner, | \| | |
| | \| | |
| v. | \| | CIVIL ACTION |
| | \| | FILE NO. ____2021CV00165-10____ |
| CLAYTON COUNTY, GEORGIA; | \| | |
| CLAYTON COUNTY BOARD OF | \| | |
| COMMISSIONERS; JEFFREY E. TURNER, | \| | |
| SONNA SINGLETON GREGORY, | \| | |
| GAIL HAMBRICK, FELICIA FRANKLIN, | \| | |
| and DEMONT DAVIS, in their individual and | \| | |
| official capacities; CLAYTON COUNTY | \| | |
| ZONING ADVISORY GROUP; and | \| | |
| HERMAN TURNER, ADDIE WHITTAKER, | \| | |
| KEVIN LEWIS, KEITH PARKER, ARNOLD | \| | |
| GOODSON, HERSHEL TRAWICK, and | \| | |
| CARLTON HOLLOWAY, in their individual | \| | |
| and official capacities, | \| | |
| | \| | |
| Defendants, | \| | |
| | \| | |
| and | \| | |
| | \| | |
| CLAYTON COUNTY, GEORGIA; | \| | |
| CLAYTON COUNTY BOARD OF | \| | |
| COMMISSIONERS; JEFFREY E. TURNER, | \| | |
| SONNA SINGLETON GREGORY, | \| | |
| GAIL HAMBRICK, FELICIA FRANKLIN, | \| | |
| and DEMONT DAVIS, in their individual and | \| | |
| official capacities; CLAYTON COUNTY | \| | |
| ZONING ADVISORY GROUP; and | \| | |
| HERMAN TURNER, ADDIE WHITTAKER, | \| | |
| KEVIN LEWIS, KEITH PARKER, ARNOLD | \| | |
| GOODSON, HERSHEL TRAWICK, and | \| | |
| CARLTON HOLLOWAY, in their individual | \| | |
| and official capacities, | \| | |
| | \| | |
| Respondents. | \| | |

{Doc: 02640309.DOCX}1

Copy from re:SearchGA

## NOTICE OF FILING UNEXECUTED ORDER SANCTIONING THE WRIT OF CERTIORARI AND UNEXECUTED WRIT OF CERTIORARI

COMES NOW, Petitioner and Plaintiff Sunrise Builders, Inc., and hereby files with the

Court the following documents:

(1)     Unexecuted Order Sanctioning the Writ of Certiorari (applied for to the presiding

judge on January 13, 2021);

(2)     Unexecuted Writ of Certiorari (to be entered upon execution of the Order

Sanctioning the Writ of Certiorari by the presiding judge).

Respectfully submitted this $\underline{14^{th}}$ day of January 2021.

Andrew J. (Andy) Welch, III
Georgia Bar No. 746801
Warren M. Tillery
Georgia Bar No. 763972
M. Chase Collum
Georgia Bar No. 991516
Attorneys for Plaintiff and Petitioner

SMITH, WELCH, WEBB & WHITE, LLC.
2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Telephone: (770) 957-3937
Facsimile: (770) 957-9165
E-mail: awelch@smithwelchlaw.com
E-mail: wtillery@smithwelchlaw.com
E-mail: ccollum@smithwelchlaw.com

Copy from re:SearchGA

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SUNRISE BUILDERS, INC., | |
| Plaintiff/Petitioner, | |
| v. | CIVIL ACTION |
| | FILE NO. 2021CV00165-10 |
| CLAYTON COUNTY, GEORGIA; CLAYTON COUNTY BOARD OF COMMISSIONERS; JEFFREY E. TURNER, SONNA SINGLETON GREGORY, GAIL HAMBRICK, FELICIA FRANKLIN, and DEMONT DAVIS, in their individual and official capacities; CLAYTON COUNTY ZONING ADVISORY GROUP; and HERMAN TURNER, ADDIE WHITTAKER, KEVIN LEWIS, KEITH PARKER, ARNOLD GOODSON, HERSHEL TRAWICK, and CARLTON HOLLOWAY, in their individual and official capacities, | |
| Defendants, | |
| and | |
| CLAYTON COUNTY, GEORGIA; CLAYTON COUNTY BOARD OF COMMISSIONERS; JEFFREY E. TURNER, SONNA SINGLETON GREGORY, GAIL HAMBRICK, FELICIA FRANKLIN, and DEMONT DAVIS, in their individual and official capacities; CLAYTON COUNTY ZONING ADVISORY GROUP; and HERMAN TURNER, ADDIE WHITTAKER, KEVIN LEWIS, KEITH PARKER, ARNOLD GOODSON, HERSHEL TRAWICK, and CARLTON HOLLOWAY, in their individual and official capacities, | |
| Respondents. | |

ORDER SANCTIONING WRIT OF CERTIORARI

{Doc: 02637197.DOCX}1

Copy from re:SearchGA

The *Petition for Writ of Certiorari* in this action (the "Petition") having been presented with evidence that no fees or costs have been incurred or accrued that are outstanding or due, and that sufficient bond and security has been provided pursuant to O.C.G.A. § 5-4-5,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Petition is hereby SANCTIONED, and the Clerk of Superior Court of Clayton County shall issue a *Writ of Certiorari* to Respondents, Clayton County Georgia; Clayton County Board of Commissioners; and Jeffrey E. Turner, Sonna Singleton Gregory, Gail Hambrick, Felicia Franklin, Demont Davis, Clayton County Zoning Advisory Group; and Herman Turner, Addie Whittaker, Kevin Lewis, Keith Parker, Arnold Goodson, Hershel Trawick and Carlton Holloway in their individual and official capacities, as provided by law.

SO ORDERED, this _____ day of January, 2021.

_____
The Hon. Robert L. Mack
Judge, Superior Court of Clayton County

Prepared and Presented by:

_____
Andrew J. (Andy) Welch, III
Georgia Bar No. 746801
Warren M. Tillery
Georgia Bar No. 763972
M. Chase Collum
Georgia Bar No. 991516

SMITH, WELCH, WEBB & WHITE, LLC.
2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Telephone: (770) 957-3937
Facsimile: (770) 957-9165
awelch@smithwelchlaw.com
wtillery@smithwelchlaw.com
ccollum@smithwelchlaw.com
Attorneys for Plaintiffs and Petitioners

{Doc: 02637197.DOCX}2

Copy from re:SearchGA

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

SUNRISE BUILDERS, INC.,

     Plaintiff/Petitioner,

v.

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

     Defendants,

and

CLAYTON COUNTY, GEORGIA;
CLAYTON COUNTY BOARD OF
COMMISSIONERS; JEFFREY E. TURNER,
SONNA SINGLETON GREGORY,
GAIL HAMBRICK, FELICIA FRANKLIN,
and DEMONT DAVIS, in their individual and
official capacities; CLAYTON COUNTY
ZONING ADVISORY GROUP; and
HERMAN TURNER, ADDIE WHITTAKER,
KEVIN LEWIS, KEITH PARKER, ARNOLD
GOODSON, HERSHEL TRAWICK, and
CARLTON HOLLOWAY, in their individual
and official capacities,

     Respondents.

CIVIL ACTION
FILE NO. 2021CV00165-10 _____

{Doc: 02634835.DOCX}1

Copy from re:SearchGA

## <u>WRIT OF CERTIORARI</u>

TO:   THE ABOVE-REFERENCED RESPONDENTS,
Clayton County, Georgia; Clayton County Board of Commissioners; Jeffrey E. Turner, Sonna Singleton Gregory, Gail Hambrick, Felicia Franklin, and Demont Davis, in their individual and official capacities; Clayton County Zoning Advisory Group; and Herman Turner, Addie Whittaker, Kevin Lewis, Keith Parker, Arnold Goodson, Hershel Trawick, and Carlton Holloway, in their individual and official capacities.

The *Petition for Writ of Certiorari* in this action (the "Petition") having been presented, together with proof of payment for any costs and the posting of a sufficient bond, and the Superior Court of Clayton County, Georgia, having sanctioned the Petition and directed the undersigned Clerk of the Superior Court of Clayton County, Georgia, to issue a writ of certiorari directed to the above-referenced Respondents,

The Clerk of the Superior Court of Clayton County, Georgia, accordingly DIRECTS that the above-referenced Respondents, including Clayton County, Georgia; Clayton County Board of Commissioners; Jeffrey E. Turner, Sonna Singleton Gregory, Gail Hambrick, Felicia Franklin, and DeMont Davis, in their individual and official capacities; Clayton County Zoning Advisory Group; and Herman Turner, Addie Whittaker, Kevin Lewis, Keith Parker, Arnold Goodson, Hershel Trawick, and Carlton Holloway, in their individual and official capacities, certify and send up to this Court all documents and proceedings related to Clayton County Preliminary Plat Application LS-2008-0014 within thirty (30) days after the date of service of this *Writ of Certiorari*.

This the 15thh day of January, 2021.

/s/ Anemkio Samuel
_____

Jacquline D. Willis
Clerk, Superior Court of Clayton County, Georgia

{Doc: 02634835.DOCX}2

Copy from re:SearchGA

Prepared and Presented by:

Andrew J. (Andy) Welch, III
Georgia Bar No. 746801
Warren M. Tillery
Georgia Bar No. 763972
M. Chase Collum
Georgia Bar No. 991516

SMITH, WELCH, WEBB & WHITE, LLC.
2200 Keys Ferry Court
P.O. Box 10
McDonough, Georgia 30253
Telephone: (770) 957-3937
Facsimile: (770) 957-9165
awelch@smithwelchlaw.com
wtillery@smithwelchlaw.com
ccollum@smithwelchlaw.com
Attorneys for Plaintiff and Petitioner

{Doc: 02634835.DOCX}3